In re **NAROWETZ MECHANICAL CONTRACTORS, INC.**, an Illinois corporation, Debtor.

**NAROWETZ MECHANICAL CONTRACTORS, INC.**, an Illinois corporation, Plaintiff/Appellee/Cross–Appellant,

v.

**ECONOMY MECHANICAL INDUSTRIES, INC.**, Defendant/Appellant/Cross–Appellee.

Nos. 86 C 6403, 82 B 13341. Adv. No. 83 A 925.

United States District Court, N.D. Illinois, E.D.

April 14, 1989.

---

NORDBERG, District Judge.

## I. INTRODUCTION

This bankruptcy appeal is but the latest twist in an already confusing procedural plot. Before the Court are a creditor's appeal from summary judgment ordering it to turn over a preferential payment to the debtor-in-possession, and the debtor's cross-appeal from the Bankruptcy Court's denial of sanctions against the creditor and its lawyers. For the reasons stated in the following opinion, the Bankruptcy Court's decisions are affirmed.

## II. BANKRUPTCY COURT PROCEEDINGS

The unusual posture of this case forces the Court to begin like James Mitchener— that is, from the dawn of the case's recorded history. Appellee/Cross–Appellant, Narowetz Mechanical Contractors, Inc., is a Chicago-area construction contractor. As a subcontractor on the St. Clair Hotel (Inn of Chicago) renovation project, Narowetz further subcontracted a portion of its work to Appellant/Cross Appellee, Economy Mechanical Industries, Inc., also a Chicago-area contractor, on April 25, 1981. Narowetz subsequently filed for reorganization under Chapter 11 on October 5, 1982.

During the course of reorganization, Narowetz filed an adversary complaint against Economy on March 25, 1983, seeking to recover assertedly preferential transfers totaling $454,105 made during the ninety-day period preceding the bankruptcy petition. *See* 11 U.S.C. § 547. The summons required Economy to answer or otherwise plead no later than April 24, 1983. Economy did neither. However, when Narowetz filed a motion for default judgment on August 10, 1983, it learned that the answer had been filed that day.

The answer, signed by lawyer David W. Adelman, stated: "Defendant admits that it received payments from the Plaintiff during the period of May, 1982 through July, 1982, said payments arguably being within the preferential transfer period. However, without specific knowledge of the time frame of this period, Defendant reasserts its denial of this part of the allegation." The answer continued: "Defendant asserts as an affirmative defense that all the payments made by the Plaintiff were made to satisfy just claims and debts owed to Defendant for work done by Defendant on Plaintiff's behalf during a protracted period prior to the Plaintiff filing for bankruptcy...."

On October 12, 1983, Narowetz filed a set of interrogatories, request to admit facts and request to produce documents pursuant to Bankr.R. 7033, 7034 and 7036, which incorporate by reference Fed.R.Civ. P. 33, 34 and 36. Economy was required to respond within thirty days. Instead, Economy responded on January 12, 1984. In its response (again signed by Adelman), Economy denied that it had received the full $454,105 alleged in Narowetz's complaint, but admitted that it had received $103,000 from Narowetz under their contract on July 21, 1982—well within the ninety-day preference period beginning July 7. Economy also admitted that it did not give Narowetz any "new value" for this transfer. *See* 11 U.S.C. § 547(a)(2).

Capitalizing on Economy's admissions and answer to the complaint, Narowetz filed a motion for "partial summary judgment" on February 24, 1984, seeking judgment for the $103,000 which Economy admitted receiving. Economy's response was due March 15. Economy again missed its deadline.[1]

The matter came before Judge Merrick on April 2, 1984. An appearance was filed for Economy on behalf of counsel here, E.T. Cunningham, but he was not in the Bankruptcy Court that day. Instead, a lawyer from his firm informed the court that Cunningham could not appear because he was on trial in Waukegan. The lawyer stated that Economy had recently hired Cunningham to take over the case and requested a continuance of "five days maximum" to prepare a response. Judge Merrick denied the request for continuance, orally granted Narowetz's motion for partial summary judgment and set trial on the remainder of the complaint for May 16.

The document setting forth the judgment, dated April 2, 1984, reads: "It is Ordered and Adjudged that judgment is Hereby entered in favor of the Plaintiff, Narowetz Mechanical Contrctors [sic], Inc. and against the Defendant, Economy Mechanical Industries, Inc. in the sum of $103.000.00 [sic]." The clerk entered the judgment on the docket on April 4. The entry reads: "Enter 04–02–84 Judgment, Pursuant to Rule 7054 by the Clerk." The decision was not a final judgment, however, since it did not include an express determination that there was no just reason for delay. *See* Bankr.R. 7054, incorporating Fed.R.Civ.P. 54(b).[2]

Economy seemed content with this state of affairs until a garnishment summons was issued on April 19 and served upon Economy's bank.[3] The threat of garnishment apparently goaded Economy into action, its lawyers filing a two-page motion ex parte on May 2 to vacate the April 2 decision.[4] Although the April 2 decision

---

1. The record on appeal contains no explanation of why Economy continually failed to file documents on time. There is no indication that Economy ever requested extensions of time.

   The way in which the record was made warrants brief comment. Economy's opening brief and related documents which it wished to be made part of the record on appeal were never entered into the court files by the Clerk of the District Court, though they were evidently served upon opposing counsel. A law clerk for this Court informed counsel for Economy of this problem and obtained a copy of the opening brief as well as transcripts from hearings mentioned in that brief. Economy also was given an opportunity to locate any additional documents and submit them as part of the record. An associate of counsel informed the law clerk that, with the submission of the additional transcripts mentioned in the opening brief, counsel considered the record complete as submitted by Narowetz.

   It is unclear why Economy's opening submissions were never docketed. However, the associate of counsel informed the Court's law clerk that because counsel was going to miss the final deadline for filing its submissions (counsel was given four extensions of time), an employee mailed the documents to the clerk of the court.

2. This point is discussed more fully below.

3. A second garnishment summons was issued on May 14, 1984.

4. Counsel for Economy has continued to maintain throughout this litigation that the motion was not filed ex parte. The record submitted to this Court contains no indication that advance notice was given Narowetz before Economy filed the motion with the Bankruptcy Court. Judge Schwartz, who decided the motion, considered it to be ex parte, and this Court has no reason to doubt his characterization. *See Narowetz Mechanical Contractors, Inc. v. Economy Mechanical Industries, Inc.*, Adv. No. 83 A 925, slip op. at 1 (Bankr.N.D.Ill. Oct. 25, 1985).

was not a final judgment, Economy's motion to vacate expressly invoked Bankr.R. 9024, which incorporates in relevant part Fed.R.Civ.P. 60(b), governing relief from final judgments. The motion also requested leave to withdraw Economy's admission that it had received a $103,000 transfer during the preference period and asked that the garnishment summons and further garnishment proceedings be quashed. Accompanying the motion were affidavits and exhibits seeking to substantiate that Economy had received no transfers during the ninety-day preference period.[5] Judge Merrick granted leave to file the motion instanter and set the matter for hearing on May 16, the original trial date.

Neither the hearing nor the trial took place. Instead, pursuant to an agreed order dated May 21, 1984, further proceedings to enforce the partial summary judgment were stayed in return for Economy's posting of a $100,000 bond. Narowetz was given leave to respond to the motion to vacate by May 29. Narowetz did, and also filed a second motion for summary judgment in the amount of $40,760, based upon the figures recited in the affidavits and other exhibits accompanying Economy's motion to vacate.[6]

The following month, Narowetz deposed both David Adelman, the lawyer who signed Economy's answer and interrogatory response, and Martin Friedman, Economy's financial vice president and treasurer. In short, they testified that Adelman had been hired in April or May 1982 to collect payments due under the Narowetz subcontract after Narowetz failed to remit them. Adelman Dep., at 10–11; Friedman Dep., at 7–9. Because of Narowetz's failure, Economy approached the escrow administrators directly for payment. Adelman Dep., at 15–19. Although the deposition testimony was somewhat confusing on this score, Adelman indicated that Economy had filed a mechanic's lien on June 3, 1982, roughly the same time that Economy met with the escrow administrators to discuss payment.[7] *Id.* at 24–25. The testimony also indicated that in addition to Economy's role as a sub-subcontractor for Narowetz, Economy also had its own direct subcontract for a part of the hotel project. Friedman Dep., at 11–12. Although Adelman testified that his notes indicated that Economy had finished work on the project by February 4, 1982, Friedman testified that Economy's work on the

---

5. The gist of Economy's contention appears to be that the money transferred during the preference period came directly to the company from the construction project escrow account, rather than through Narowetz, as had been the prior practice. An affidavit signed by Martin Friedman, Economy's financial vice president and treasurer, stated: "After 18 May 1982, all payments to my company on the St. Clair project were made by the Pioneer National Insurance Company and were incorrectly noted as payments being received from NAROWETZ MECHANICAL CONTRACTORS, INC." Friedman Aff. para. 10. Although Friedman admitted that his company was a subcontractor for Narowetz, he stated that: "[N]one of the funds received by my company for work done on the St. Clair Hotel project after 18 May 1982 was money paid on behalf of NAROWETZ MECHANICAL CONTRACTORS, INC., either actually, constructively or theoretically." Friedman Aff. para. 11.

An additional affidavit by Richard Skaja, an escrow officer for Pioneer National, stated that the direct payments were ordered after complaints had been made that Narowetz was not paying its subcontractors and materialmen. Skaja stated: "To avoid the title of the property being encumbered by mechanic's liens, I requested the general contractor B.R. Starnes Company, to authorize payment directly to the contractors and materialmen who had previously been paid through Narowetz, and I requested that waivers from these contractors (including ECONOMY MECHANICAL INDUSTRIES, INC.,) and materialmen be delivered to me." Skaja Aff. para. 6. Thus, Economy appears to have been making the further argument—albeit elliptically, at best, since the company submitted no memorandum of law detailing its grounds for relief—that it had given new value for the transfers during the preference period, thus falling within an exception to the voidability rule. *See* § 547(c)(1).

6. In his affidavit accompanying the motion to vacate, Friedman stated that Economy had received three sets of payments totaling $143,760 from the construction escrow within the ninety-day preference period. Friedman Aff. para. 23. Since Narowetz already had what it believed to be a final judgment for $103,000, it sought the difference in its second motion for summary judgment.

7. This Court has been provided with none of the supporting lien documents.

site continued into May, 1982. Adelman Dep., at 31–32; Friedman Dep., at 12, 18. Eventually, the escrow administrators agreed to make the payments due under Economy's subcontract with Narowetz directly to Economy in return for Economy's provision of appropriate lien waivers. Adelman Dep., at 36–37; Friedman Dep., at 15–22.[8]

Friedman testified that Economy's answer and response to the interrogatories were prepared from information contained in the company's records. Friedman Dep., at 33. Furthermore, Friedman admitted that Economy's records also showed all along that the $103,000 payment was made directly from the construction escrow rather than from Narowetz. *Id.* at 48–49. Friedman also testified that both he and Adelman had been involved in seeking collection of the overdue receivables in 1982 and in preparing Economy's answer and response to the Narowetz interrogatories. *Id.*, at 14–18, 29–34, 38. As far as Friedman could recall, Economy first discovered its assertedly incorrect answer and response when the garnishment summons was served. *Id.* at 34.

Due to the confusion left in the wake of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982),[9] the matter was put over repeatedly and eventually reassigned to Judge Schwartz. Judge Schwartz issued his opinion in a hearing on October 25, 1985. Although Economy objected that it was entitled to put forward additional arguments and apparently additional evidence during the hearing, Judge Schwartz proceeded to read the parties his opinion, which was also issued in writing. *See Narowetz Mechanical Contractors, Inc. v. Economy Mechanical Industries, Inc.*, Adv. No. 83 A 925 (Bankr.N.D.Ill. Oct. 25, 1985). In his opinion, Judge Schwartz observed that relief from a final judgment under Bankr.R. 9024 (by incorporation, Fed.R.Civ.P. 60(b)(1)) is permitted upon

timely motion in the case of mistake or inadvertence.[10] *Id.* at 2. After recounting Economy's record of missed deadlines and delay, Judge Schwartz summarized Economy's grounds for relief as being based upon Judge Merrick's refusal to grant a continuance at the scheduled hearing on April 2, 1984, in order to give Economy time to examine its records and establish a defense. *Id.* at 3. As Judge Schwartz stated:

> Economy was given more than ample opportunity to search its records, to examine the law and to present its defenses (March 25, 1983 to April 2, 1984). It was Economy's conscious choice not to do so. Having made this choice, it cannot now present a motion to claim a mistake, inadvertence or the like.

*Id.* at 4. The judge accordingly denied the requested relief, invoking his discretion under Bankr.R. 9024. *Id.* (citing *Bershad v. McDonough*, 469 F.2d 1333, 1337 (7th Cir. 1972)).

Economy was undeterred. After Judge Schwartz read his opinion, counsel for Economy objected that the judge's reliance upon Bankr.R. 9024 was misguided because the April 2 hearing did not produce a final judgment. Counsel argued:

> The order which was entered by the Court on April 2, 1984 was not appealable by Economy and the only recourse they had was to ask for the reconsideration which was filed within thirty days. There is no time limit set on that judgment. The Rules do not provide on a Partial Summary Judgment for any of the things that your Honor has mentioned. You have given a good discourse on it as if it was a final order, but it was not.

October 25, 1985, Transcript, at 8. Of course, as discussed above, Judge Schwartz delivered his "discourse" concerning Bankr.R. 9024 because that was the rule which Economy had cited as authority for

---

8. *See also supra* footnote 5.

9. *See generally* 17 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4106 (2d ed. 1988).

10. Rule 60(b)(1) also includes the grounds of surprise or excusable neglect.

its request to vacate. Nevertheless, at Economy's request, Judge Schwartz gave the company additional time to prepare a motion for reconsideration and supporting memorandum.

The subsequent motion for reconsideration at last argued that the April 2 judgment was not final because the requisite findings were not made under Bankr.R. 7054 (Fed.R.Civ.P. 54(b)). Noting that a decision rendered without these findings "is subject to revision at any time before the entry of judgment adjudicating all the claims," *see* Fed.R.Civ.P. 54(b), Economy requested that Judge Schwartz vacate the April 2 order and allow the company to "establish that the $103,000 received during the preference period was paid (by the owner not NAROWETZ) in consideration of the release of a valid mechanic's lien which encumbered the owner's title." Memorandum Dated November 14, 1985, at 6, 9.

Narowetz's response was coupled with a motion for sanctions against Economy and its counsel under Rule 11 and 28 U.S.C. § 1927.

Judge Schwartz took all of the pending motions under advisement. In a hearing on January 22, 1986, he announced that he would not reconsider his previous refusal to vacate the April 2 order, relying upon *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656 (N.D.Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir.1984).[11] Judge Schwartz declined to enter a final judgment at that time, preferring to first decide the pending summary judgment motion for $40,760 and thus allow appeal to be taken with respect to both judgments.

In the following months, Narowetz and Economy agreed that the amount claimed in the second summary judgment motion had actually been paid Economy under its direct subcontract on the hotel project, rather than under its subcontract with Narowetz. Judge Schwartz accordingly ordered judgment on July 14, 1986, in favor of Narowetz on the $103,000 and denied the motion for the additional $40,760. The

judge also denied Narowetz's motion for sanctions without elaboration. The separate document setting forth the final judgment expressly determined that "[t]here is no just reason to delay the enforcement or appeal of this judgment order." The judgment was docketed the same day. Economy's notice of appeal was filed on July 18 and Narowetz's notice of cross-appeal followed on July 22.

### III. MERITS OF THE APPEAL

#### A. Appellate Jurisdiction

Although neither party has contested this Court's jurisdiction on appeal, it is axiomatic that a Court must be satisfied that it has jurisdiction of an appeal before proceeding. *Matter of Morse Electric Co., Inc.*, 805 F.2d 262, 263–65 (7th Cir.1986). While the Court does not consider the jurisdictional issue in this case to be a close one, the Court's reasoning in this regard is worth detailing because of the unusual posture of this appeal.

The action to avoid the transfers to Economy as voidable preferences was a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(F) and reviewable by this Court pursuant to 28 U.S.C. § 158(a). Bankr.R. 8002(a), patterned after Fed.R. App.P. 4(a), requires that notice of appeal be filed within ten days of entry of the relevant judgment, order or decree. The time limit is jurisdictional. *Stelpflug v. Federal Land Bank of St. Paul*, 790 F.2d 47, 49 (7th Cir.1986). It begins to run from the date that the court clerk enters the judgment—which must be set out on a separate document—on the Bankruptcy Court docket. Bankr.R. 5003, 9021; *Stelpflug*, 790 F.2d at 49–50.

The partial summary judgment issued on April 2, 1984, was controlled by Bankr.R. 7054, which incorporates Fed.R.Civ.P. 54(b) governing entry of judgment upon fewer than all of the claims in a multi-claim action. In order to render a final judgment under these rules, a court must do two

---

**11.** In announcing his decision, Judge Schwartz indicated that he had reviewed the entire record. January 22, 1986, Transcript, at 3.

things: 1) expressly direct entry of final judgment, and 2) expressly determine that "there is no just reason for delay."

■ In this case, the pertinent docket entry was made on April 4, 1984, and the entry states that it was made pursuant to Bankr.R. 7054. However, the face of the judgment fails to contain an express determination that there is no just reason for delay. Accordingly, the judgment was not final. *See Matter of Kilgus*, 811 F.2d 1112, 1117 (7th Cir.1987); *Glidden v. Chromalloy American Corp.*, 808 F.2d 621 (7th Cir.1986); *Johnson v. Levy Org. Development Co.*, 789 F.2d 601 (7th Cir.1986). Since there was no final judgment, the time for taking an appeal did not commence as of April 4, 1984. *Kilgus*, 811 F.2d at 1116–17. Instead, it began when a final judgment was eventually entered on July 14, 1986. The appeals that followed thereafter were taken within the ten-day period dictated by Bankr.R. 8002(a).

Consequently, Economy's appeal was timely, even though the decision it challenges was rendered more than two years before the appeal was taken and the record would indicate that Judge Merrick and the parties initially thought of the decision as a final judgment.[12] Economy's failure to apprehend the interlocutory nature of the decision, however, has greatly contributed to the confusion of the issues in this case, since its first post-decision motion was filed under the bankruptcy rule governing relief from final judgments. *See* Bankr.R. 9024. When Economy subsequently filed its motion to reconsider, it was not asking the Bankruptcy Court to correct any error in the court's reasoning, but instead the company's own error in bringing its first post-decision motion for relief under the wrong rule.

### B. Economy's Arguments on Appeal

■ Due to its various blunders in the Bankruptcy Court, Economy is left with relatively little to argue on appeal. Economy does not—and cannot—argue that Judge Merrick's original decision was wrong on the merits as they were reflected in the record on April 2, 1984, since the record as it stood at that time warranted entry of summary judgment in the amount of $103,000.[13] Instead, Economy seeks to present additional evidence that the preference period transfers came from the construction escrow directly and that Economy gave up valid lien rights in return, thus creating a triable issue as to whether Economy gave new value that would protect the preference period transfers from avoidance. *See* 11 U.S.C. 547(c)(1); 4 *Collier on Bankruptcy* para. 547.09 (15th ed. 1988). Presentation of this evidence, of course, would necessitate amendment of Economy's answer and response to Narowetz's interrogatories. Accordingly, Economy "asks this Court to permit it to amend its answers to interrogatories and request to admit, vacate the order of summary judgment against ECONOMY and remand this cause for a trial on the merits." Appellant/Cross–Appellee Br., at 11.

■ In support of this request, Economy makes three arguments on brief.[14] First, Economy argues that Judge Merrick committed reversible error by refusing to grant

---

**12.** Alternatively, it might be questioned whether the complaint involved multiple claims, since it possibly could be argued that the debtor was seeking to recover only one preferential transfer totaling $454,105. In that case, Bankr.R. 7054 would not apply, since a prerequisite of the rule is that "more than one claim for relief [be] presented in an action." Even so, the decision would not have been a final judgment because it would have been rendered upon only a portion of the solitary claim. *See Biggins v. Oltmer Iron Works*, 154 F.2d 214 (7th Cir.1946); *Capitol Records, Inc. v. Progress Record Distributing, Inc.*, 106 F.R.D. 25 (N.D.Ill.1985). Thus, this appeal still would be timely. Neither party, however, has argued that only one claim for relief was made, and from the Court's own examination of the record, it appears that the complaint was seeking recovery of a series of separate preferential payments.

**13.** It is well established that summary judgment can be based upon admissions obtained under Fed.R.Civ.P. 36. *U.S. v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir.1987). Rule 36 is incorporated by Bankr.R. 7036.

**14.** Issues not set out in an appellant's opening brief are deemed waived. *See* Bankr.R. 8010(a)(1)(C); *MortgageAmerica Corp. v. Bache Halsey Stuart Shields, Inc.*, 789 F.2d 1146 (5th Cir.1986).

a continuance when Economy's new counsel (through his associate) appeared at the April 2, 1984, hearing unprepared to proceed on the merits. Similarly, Economy argues that Judge Schwartz denied the company's "due process rights" by refusing to hold hearings before denying its motion to vacate on October 25, 1985, and its motion for reconsideration on January 22, 1986. Economy's remaining argument is that Judge Schwartz erred in refusing to allow the company to amend the admissions contained in its response to Narowetz's interrogatories. The first two of these arguments may be disposed of with relative ease.

■ Economy admits that the grant of a continuance is committed to the sound discretion of the bankruptcy judge, citing on brief *In re Leonetti*, 28 B.R. 1003 (E.D. Pa.), *aff'd without opinion sub nom. Earl Realty, Inc. v. Leonetti*, 725 F.2d 667 (3d Cir.1983). Nevertheless, Economy argues that Judge Merrick abused his discretion because the deadline for the company's response gave Economy inadequate time to prepare in light of its decision to hire new counsel to handle the adversary proceeding.[15] The company asserts that the oral request for an extension of time, lodged instanter at the April 2 hearing, should be viewed "as analogous to a request for a continuance under Rule 56(F) [sic] F.R.C.P. which permits a continuance pending the completion of discovery."[16] Appellant/Cross Appellee Br., at 6. Economy concludes that in light of the request for a continuance, Judge Merrick "knew that ECONOMY intended to file a response," and offers as "[p]roof that the request for continuance was not for purposes of delay

... the affidavits filed on 2 May 1984 attached to ECONOMY's motion to vacate." *Id.* at 7.

In short, Economy argues that Judge Merrick abused his discretion by failing to read the mind of Economy's officers or forecast the future. Judge Merrick, of course, could have had no idea at the April 2 hearing what course of action Economy proposed to take. The interrogatories upon which the summary judgment was based were filed on October 12, 1983. The motion for summary judgment itself was filed on February 24, 1984, at which time a hearing was scheduled for April 2. Economy was given until March 15 to file a response, which the company was obligated to produce if it wished to contest the motion for summary judgment. *See* Fed.R. Civ.P. 56(e), incorporated by Bankr.R. 7056. Economy was represented by counsel at all times.

Even assuming *arguendo* that the factual submissions attached to Economy's motion to vacate filed on May 2, 1984, showed the company's bona fides, Judge Merrick was hardly in a position to know on April 2 that such proof would be forthcoming. All that Judge Merrick could know at that time was that Economy had continually failed to respect the timetables imposed by pertinent court rules and that the company had once again missed a deadline. If the deadline truly made it impossible for Economy to respond within the time allotted, counsel could have so notified the court on or before March 15 and requested a continuance in advance of the April 2 hearing. Economy presents no evidence that it did so, and presents no excuse here for its failure in

---

**15.** Economy states that it had become "dissatisfied with its prior counsel," David Adelman. Appellant/Cross–Appellee Br., at 6. This contention seems disingenuous given the fact that Adelman was listed along with E.T. Cunningham as counsel for Economy on its motion to vacate and Economy's response to Narowetz's second motion for summary judgment. Furthermore, in a deposition taken on June 19, 1984, after Cunningham was hired to handle this case, Adelman testified that he continued to represent Economy "on various kinds of matters." Adelman Dep., at 10. Furthermore, Economy Vice President Martin Friedman testi-

fied in a deposition taken two days later that Adelman had not been fired. Friedman Dep., at 40.

**16.** The request could only be by analogy to Rule 56(f), rather than pursuant to the rule, because 56(f) requires the submission of "affidavits of a party opposing the motion [indicating] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." No such affidavit was filed, and counsel for Economy did not invoke Rule 56(f) at the April 2 hearing.

this regard. Given this record, Economy's contention that Judge Merrick abused his discretion in refusing a continuance on the day set for hearing cannot fly. Economy's failure to timely oppose the motion for summary judgment was its own fault. This Court will not hold that a bankruptcy judge abuses his discretion when he declines to conform his busy docket so as to relieve litigants from the consequences of their own failings. *Cf. United States v. Kasuboski*, 834 F.2d 1345, 1351–52 (7th Cir.1987).

■ Nor can this Court accept Economy's argument that Judge Schwartz's refusal to grant the company hearings on its post-decision motions somehow denied the company due process of law (presumably under the fifth amendment, though Economy does not so specify) and otherwise contravened the equitable considerations that attend adjudications in bankruptcy. The Court points out that its use of the word "somehow" in the preceding sentence is not gratuitous, for Economy's due process argument is ambiguous. Economy's argument can be read as asserting either that due process was not accorded because Judge Schwartz declined to hold hearings on the merits of the post-decision motions,[17] or because Judge Schwartz was not persuaded by Economy's post-decision evidentiary submissions to rescind Judge Merrick's April 2 order and grant a trial on the merits,[18] or for both of these reasons.

Judge Schwartz's refusal to permit oral argument or an evidentiary hearing on Economy's post-decision motions did not deprive the company of due process. The hearing required before grant of summary judgment need not include oral argument, and Rule 56 itself makes no provision for an in-court evidentiary hearing. *See Grigoleit Co. v. United Rubber Workers Local No. 270*, 769 F.2d 434, 437 (7th Cir. 1985); Fed.R.Civ.P. 56(c), (e). Indeed, the whole purpose of summary judgment is to avoid unnecessary in-court proceedings. Economy has cited no authority holding that due process accords a litigant greater rights to a hearing on reconsideration of a summary judgment than would be required before entry of summary judgment in the first place. Furthermore, this Court cannot think of any reason why that should be the case. To the extent that this is Economy's contention, it is rejected.

Furthermore, to the extent that Economy attempts to construe Judge Schwartz's refusal to order a trial on the merits as a denial of due process, Economy begs the question. The issue is whether Judge Schwartz was required to vacate Judge Merrick's April 2 order. This, in turn, depends upon whether Economy should have been given leave to amend its response to Narowetz's interrogatories.[19] If Economy were so entitled under the applicable procedural rules, then the company adds nothing to its argument by labeling the judge's misapplication of the rules as a deprivation of due process.[20]

■ Therefore, the Court proceeds to Economy's third assignment of error: Judge Schwartz's refusal to permit Economy to amend its response to Narowetz's interrogatories pursuant to Bankr.R. 7036, which incorporates Fed.R.Civ.P. 36(b). Economy argues that permitting it to amend the admissions contained in its re-

17. *See* Appellant/Cross–Appellee Br., at 9 ("[J]udge Schwartz ... rendered his opinion without benefit of a hearing ... [and t]hat denial violated ECONOMY's due process rights.").

18. *See* Appellant/Cross–Appellee Br., at 10 ("Once the Court became aware of this evidence it was duty-bound to vacate the partial summary judgment and order trial on the merits.... [A]nd the failure to do so was a denial of due process.").

19. Economy has not argued on appeal that Judge Schwartz should have permitted it to

amend its answer to the complaint. *See supra* footnote 14.

20. On the other hand, if the existing rules did not so entitle Economy, the company perhaps could have argued that the rules themselves were unconstitutional for authorizing a deprivation of its property without due process of law. But the company has not made that argument on brief and this Court is under no obligation to think of arguments for an appellant. Needless to say, the Court is highly skeptical that Economy could establish the unconstitutionality of these longstanding procedural rules.

sponse to the interrogatories would not prejudice Narowetz—even though Narowetz already had won a motion for partial summary judgment before Economy requested to amend its admissions—because Narowetz could still seek to recover the transfers at a trial on the merits. Economy seeks to justify the tardiness of its request to amend by stating that "as soon as the defendant discovered the incorrect response a timely motion to amend was filed with the court." Appellant/Cross–Appellee Br., at 8. It casts the Bankruptcy Court's refusal to allow amendment as an impermissible "sanction" under Fed.R.Civ. P. 37. Economy concludes that once it is granted leave to amend its admissions, the grounds for summary judgment fall and the Bankruptcy Court's judgment must be vacated and the case remanded for trial.

Economy's argument fails, however, to address the most important point on appeal: The standard of review this Court should employ in reviewing the Bankruptcy Court's refusal to permit amendment of the admissions. Rule 36(b) establishes that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." The rule continues: "[T]he court *may* permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." (Emphasis added.) Thus, the rule empowers a court to permit amendment only after determining (1) that presentation of the merits will be furthered by an amendment, and 2) that the party who obtained the admission will not be prejudiced. However, even if a court determines that both of these prerequisites are met, it may still in the exercise of its discretion refuse to permit amendment. *United States v. Kasuboski,* 834 F.2d 1345, 1350 n. 7 (7th Cir.1987) ("[R]ule 36(b) allows withdrawal of admissions if certain conditions are met and the district court, in its discretion, permits the withdrawal."); *Donovan v. Carls Drug Co., Inc.,* 703 F.2d

650, 652 (2d Cir.1983) ("Because the language of the Rule is permissive, the court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule."). This Court thus reviews the Bankruptcy Court's decision solely to determine whether Judge Schwartz abused his discretion in refusing the request to amend.

Economy's argument on brief is almost devoid of authority, citing but two cases, and only one of these dealing with Rule 36. *See Warren v. Int'l Brotherhood of Teamsters,* 544 F.2d 334 (8th Cir.1976). *Warren* involved a trial court's decision, in its discretion, to allow the admitting party to introduce evidence at trial concerning matters which the party failed timely to controvert in a pretrial request for admissions. The situation in *Warren,* however, is quite unlike this case, since here the defendant admitted the facts upon which a partial summary judgment was granted and did not seek to withdraw its admissions until after the court's decision.

Other courts have concluded that Rule 36(b) will not save a party from summary judgment when it has failed timely to respond to requests for admissions, even when summary judgment had not been granted before the request to amend was made. For example, the Second Circuit upheld a district court's refusal to permit amendment of a default admission where the defaulting business did not attempt to respond to Labor Department interrogatories until after the Labor Department had filed a motion for partial summary judgment based upon the default admission. *Donovan v. Carls Drug,* 703 F.2d at 651–52. Similarly, the Fifth Circuit upheld summary judgment for a defendant based upon a default admission even though the plaintiffs had attempted to cure the default before the court entered judgment. *Dukes v. South Carolina Insurance Co.,* 770 F.2d 545, 548–49 (5th Cir.1985). The appellate court specifically rejected plaintiffs' contention that defendant did not suffer prejudice from the untimely response, noting, "The control of discovery is committed to the

sound discretion of the trial court. That court found that [plaintiffs] had been evasive and dilatory throughout the litigation." *Id.* at 549. *See also EEOC v. Baby Products Co, Inc.,* 89 F.R.D. 129 (E.D. Mich.1981) ("The record before the court establishes a history of non-cooperation by defendants, untimely responses to the requests for admissions, and a failure to invoke the protective procedure of Rule 36(b) to seek relief from the admissions, the precise method prescribed by Rule 36 to avoid the potentially harsh consequences of the application of that Rule.").

In the instant case, Economy possessed all along the very information it eventually sought to use in order to justify its request to amend its assertedly incorrect admissions. Moreover, the lawyer and corporate officer who prepared the original answer and admissions were the parties involved in the collection efforts upon which Economy later sought to amend these submissions. The adversary complaint was filed on March 25, 1983, and Narowetz appeared to admit receiving preferential transfers in its answer, filed more than four months later. When Narowetz filed its interrogatories and requests to admit on October 12, Economy filed an untimely response three months later that confirmed that it had received preferential payments totaling $103,000. When Narowetz filed its motion for partial summary judgment on February 24, 1984, Economy did nothing at all until the date set for ruling, April 2, and then all the company did was request a continuance. Even its motion to vacate—incorrectly founded upon Bankr.R. 9024—was brought a month after Judge Merrick granted partial summary judgment.

■ Once a party moving for summary judgment has sufficiently demonstrated the absence of a genuine issue of material fact, the opposing party must show that there are disputed facts that must be decided at trial, employing the means contemplated in Rule 56(c) & (e). *Celotex Corp. v. Catrett,* 106 S.Ct. 2548, 2552–53, 91 L.Ed. 2d 265 (1986). When the motion for summary judgment is based upon an admission that the opposing party later claims was made incorrectly, the opposing party must seek relief from its admission under Rule 36(b) prior to the court's decision on the motion. *Kasuboski,* 834 F.2d at 1350. For whatever reason, Economy did neither, even though the pertinent information was contained in its own files. This is not a case where newly discovered evidence not previously in the hands of a litigant is brought to the attention of the court after it had rendered an interlocutory decision adverse to that litigant. *Compare Mulay Plastics, Inc. v. Grand Trunk Western Railroad Co.,* 102 F.R.D. 130 (N.D.Ill.), *appeal dismissed,* 742 F.2d 369 (7th Cir. 1984), *cert. denied,* 470 U.S. 1037, 105 S.Ct. 1409, 84 L.Ed.2d 798 (1985).

■ If the decision of April 2, 1984, had been properly entered as a final judgment, there could be no question that Economy would not be entitled to post-judgment relief under Bankr.R. 9024 (Fed.R.Civ.P. 60(b)). Its sole hope for success here is pegged upon the nonfinality, and hence potential revisability, of that decision. From the record on appeal, however, it appears that the April 2 decision was in fact intended to be a final judgment. Reconsideration of an interlocutory decision is committed to the deciding court's discretion, *see Keene Corp. v. Int'l Fidelity Insurance Co.,* 561 F.Supp. 656 (N.D.Ill.1982); so is relief under Rule 36(b). This Court holds that Judge Schwartz abused neither discretionary power in refusing to grant Economy's belated request to amend the admissions contained in its response to the Narowetz interrogatories.[21]

---

**21.** Even were the Court to review summary judgment in light of the testimony and affidavits submitted after the April 2, 1984, decision, it is far from obvious that Economy would be entitled to a trial on the merits. Under the Bankruptcy Code, a creditor seeking to protect an otherwise voidable preference has the burden of proving that it gave new value. 11 U.S.C. § 547(g). Thus, on summary judgment, Economy would be required to put forth evidence sufficient to meet that burden of proof. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986) (standard for granting summary judgment same as that for granting directed verdict; court must ask "'whether there is [evidence] upon which a

## IV. NAROWETZ'S CROSS APPEAL

Narowetz cross-appeals from the Bankruptcy Court's denial of its motion for sanctions against Economy and its counsel pursuant to Rule 11 and 28 U.S.C. § 1927. Narowetz also seeks sanctions against Economy for taking this appeal. In his June 14, 1986, order denying sanctions, Judge Schwartz did not elaborate on the reasons for his denial, though during the January 22, 1986, hearing, he did state with reference to lawyer Cunningham, "He's trying to do a job for his client. I don't think he's stretched the bounds yet." January 22, 1986, Transcript, at 8. Economy did not brief these issues on appeal, showing either tremendous confidence or an equal amount of indifference.[22] Fortunately for Economy, this Court agrees with Judge Schwartz that sanctions are not warranted under either Rule 11 or § 1927. The Court addresses the Rule 11 issue first.

Rule 11 forbids litigants and their lawyers from taking unreasonable positions, defined by the rule as positions that are either frivolous or inappropriate as viewed under an objective standard. A position is frivolous if it is taken without a reasonable inquiry into the facts or is unsupported by existing law or a good faith argument for its modification. A position is improper if taken for an inappropriate purpose, such as a desire to delay, harass or increase the litigation costs. *Magnus Electronics, Inc. v. Masco Corp. of Indiana*, 871 F.2d 626, 629–30 (7th Cir. 1989).

Narowetz's three pages of appellate argument regarding the sanctions issue appear to accuse Economy and its current counsel of taking both types of unreasonable positions. Its appellate brief, however, has not carefully identified the pleadings in the Bankruptcy Court that it believes violative of Rule 11. Based upon Narowetz's initial motion for sanctions, filed with the Bankruptcy Court on December 18, 1985, the Court concludes that the assertedly offending pleadings were both Economy's original motion to vacate and the motion for reconsideration.

Having examined the record, the Court is unpersuaded that the representations made in the motion to vacate and the motion for reconsideration are frivolous. Although Narowetz argues that "Economy and its lawyers ... have attempted to substitute fraudulent and misleading responses for the frank admissions of their prior pleadings," the Court thinks it plausible that the initial responses were in error—for whatever reason—and the subsequent attempt to establish a defense was an effort to correct this error. While the factual submissions made in connection with the post-decision motions may not have succeeded in establishing a defense to Narowetz's preference-recovery action, this does not mean that the factual submissions themselves were false or that the argument put forth by Economy was unwarranted by existing law or a good faith argument for its modification.[23] The Court views the record as equally susceptible to the interpretation

jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.' "). *This Court has never seen* documentation to support the deposition testimony concerning Economy's purported lien rights, and it does not appear that such was ever put forth in the Bankruptcy Court. *See* Appellant/Cross–Appellee Reply Br., at 4 ("[I]t was the intention of ECONOMY at the time of hearing to present evidence and documentary proof to supplement the affidavits of Messrs. Friedman and Skaja."). If such documentary evidence were available, Economy was not entitled to a hearing in order to submit it to the Bankruptcy Court, *see* Fed.R.Civ.P. 56(c) & (e), and given the vintage of the case, that court need not have postponed its decision on Narowetz's motion for summary judgment when Economy failed to submit it to the court in advance of the October 25, 1985, hearing.

**22.** It could not have been an oversight. Economy's reply brief expressly "concurs" in Narowetz's statement of issues on appeal, Appellant/Cross–Appellee Br., at 1, and one of those stated issues was Economy's liability for sanctions, *see* Appellee/Cross–Appellant Br., at 1.

**23.** In fact, Narowetz has gone to great lengths to demonstrate that Economy's lien rights, if any, had expired prior to the time that it received the asserted preference. This hardly suggests that Economy's effort to establish the defense of new value was unwarranted under existing law. *See supra* footnote 5.

that Economy was confused and even careless in its defense, but not necessarily mendacious.

 Narowetz bases much of its argument upon the handwritten notes made by Economy vice president Friedman after a meeting with Narowetz's counsel on September 15, 1983, shortly after this litigation commenced. Narowetz asserts that these notes, set out in the margin,[24] establish that Economy knew all along that its defenses were frivolous and that it conducted an improper litigation strategy designed to delay the bankruptcy proceedings. This Court does not read the Friedman notes so broadly, determining that they do not indicate an admission of liability. For example, the notes state that Economy would pay interest on an eventual judgment "if we [sic] lost." This statement hardly compels the conclusion that Economy knew its defenses were baseless, since it implies the possibility of eventual success on the merits. Thus, the Court concludes that the notes do not establish knowledge by Economy that its defenses were frivolous.

Similarly, the Court does not agree that the notes establish Economy's intent to take an improper litigation stance designed to delay the bankruptcy proceedings. Friedman's statement that any suit by Narowetz would "tie it up for around [a] year and [a] half" can be interpreted as a simple statement of fact. Litigation is time consuming, as this case so amply evidences. Economy's repeated failure to meet deadlines admittedly does give some comfort to the allegations of purposeful delay. But it also may simply be an example of the carelessness at times demonstrated by litigants in the federal trial courts. In this instance,

the best judge of the nature of Economy's litigation strategy sits in the Bankruptcy Court. Without more, this Court will not overturn Judge Schwartz's refusal to award sanctions under Rule 11 on the grounds of improper purpose.

 The issue under 28 U.S.C. § 1927 is more simply decided. That statute permits sanctions against counsel when he has "multiplie[d] the proceedings ... unreasonably and vexatiously." 28 U.S.C. § 1927; *see In re TCI, Ltd.*, 769 F.2d 441 (7th Cir.1985). It appears to this Court that current counsel for Economy has tried to make the best of a bad situation not of his making. The Court concludes that the record does not support a showing of current counsel's "bad faith"—in either the objective or subjective sense, *see TCI*, 769 F.2d at 445–56—as required for liability under § 1927.

In light of the above reasoning, the Court likewise denies sanctions against Economy for taking this appeal.

### V. CONCLUSION

For the foregoing reasons, the Court now affirms the Bankruptcy Court's summary judgment in favor of Narowetz and against Economy in the amount of $103,-000. With respect to Narowetz's request for sanctions, the Court affirms the Bankruptcy Court's denial of sanctions and denies Narowetz's request for sanctions on appeal.

---

**24.** In pertinent part, the notes state:
The amount in question is $103,000.00. After all research is completed and it is determined that the $103,000.00 would have to be returned to the court, Economy has the following options:
1. Let Narowetz sue economy for the $103,-000.00. This would tie it up for around year and half [sic]. We would incur legal fees and if we lost would also incur interest on the $103,000.00.

2. Negotiate a settlement on the amount to be returned. Dave Adelman thinks we could settle the matter for $50,000 to $75,000.00.
Economy objects to the admissibility of these notes on the grounds of attorney-client privilege, *see* Fed.R.Evid. 501, and because they were assertedly prepared in the course of settlement negotiations, *see* Fed.R.Evid. 408. Economy, however, cited to neither federal rule, and its objection consisted of but one sentence, devoid of argument. Since Economy has failed to argue its grounds for exclusion, the Court deems the notes admissible.