### STATE OF ILLINOIS, DEPARTMENT OF REVENUE, Appellant,

v.

### Joel SCHECHTER and The Continental Insurance Company, Appellees.

No. 95 C 3684.

United States District Court,
N.D. Illinois,
Eastern Division.

March 11, 1996.

Howard L. Adelman, Brad Arnold Berish, Adelman, Gettleman & Merens, Ltd., Chicago, IL, for Joel A. Schechter.

James Douglas Newbold, Illinois Attorney General's Office, Chicago, IL, for State of Illinois, Department of Revenue.

LEINENWEBER, District Judge.

This is an appeal by the State of Illinois, Department of Revenue ("Department") from a summary judgment entered by the Bankruptcy Court in favor of appellees, Joel Schechter ("Schechter") and the Continental Insurance Company ("Continental") and from a denial of the Department's cross motion for summary judgment. The Department raises two issues: first, whether the Bankruptcy Court had jurisdiction to hear the case, and, second, whether Schechter, a trustee operating the bankrupt hotel during reorganization under Chapter 11 of the Bankruptcy Code ("Code"), can be held personally liable for failure to pay certain taxes levied by the State of Illinois on hotel operators.

## FACTS

The relevant material facts are not disputed. In 1991, Markos Gurnee Partnership and a hotel and restaurant it operated, filed voluntary petitions under Chapter 11 of the Bankruptcy Code which were later consolidated. Schechter was appointed operating trustee. In connection with his operation of the hotel and restaurant he collected a total of $18,605.93 in hotel and use taxes from customers. These proceeds were deposited into the general accounts of the estates but were not remitted to the State of Illinois.

On December 17, 1992, the estates ceased operations and the bankruptcies were converted to Chapter 7 liquidation proceedings. At the time of conversion the estates were administratively insolvent, i.e., the administrative expenses, including the taxes in question incurred after filing of the petition for Chapter 11, exceeded the assets available for payment of administrative claims. Schechter

turned over approximately $82,000 in cash plus receivables with a face value of between $38,000 to $48,000 to the new Chapter 7 trustee. At that time the administrative claims totalled approximately $315,000. He did not pay the taxes due the State of Illinois, nor have they as yet been paid by the Chapter 7 trustee, and it is a virtual certainty that they will not be paid in full at the conclusion of the liquidation.

The Department filed a complaint in Bankruptcy Court against the Chapter 7 trustee during the course of her administration to determine whether the State had an equitable interest in the funds turned over by Schechter. Cross-motions for summary judgment were filed. The Bankruptcy Court determined that this suit was a core proceeding under 28 U.S.C. § 157(b) since it sought to determine ownership of property in possession of the debtor. Summary judgment was entered in favor of the debtor (by the Bankruptcy Court) because the two taxes in issue, the Hotel Operators' Occupation Tax (35 ILCS 145/1) and the Use Tax (35 ILCS 120/1–120/14), were taxes imposed directly on the hotel and restaurant businesses and not on the customers, although the statutes permitted the operator to bill the customers for reimbursement. Consequently, the relationship between the trustee and the Department was that of debtor-creditor rather than constructive trustee-beneficiary. Therefore, the State possessed no equitable interest in the collected but unpaid tax proceeds. *In re Markos Gurnee Partnership*, 163 B.R. 124 (N.D.Ill.1993). This decision was not appealed by the Department.

Subsequent to that decision, the Department advised Schechter that it intended to hold him personally liable for the taxes collected during his administration that remained unpaid after final distribution by the Chapter 7 trustee. In response Schechter filed a complaint for declaratory and injunctive relief in the Bankruptcy Court seeking a determination that he had no personal liability for these unpaid taxes. The Department filed a motion to dismiss for want of jurisdiction which was denied. The Department then filed an answer, a counter-claim against

Schechter, and a third party complaint against Continental, the issuer of Schechter's trustee's bond. Cross-motions for summary judgment ensued: Schechter contending that the Bankruptcy Court did have jurisdiction because the State's claim had to be against him in his official capacity, and the Department contending that there was no jurisdiction because its claim was against Schechter personally and did not implicate the estate.

■ The bankruptcy judge concluded that he did have jurisdiction of the complaint because it was a "core proceeding" under 28 U.S.C. § 157(b)(1) and (b)(2)(A) as matter concerning the administration of the estate and that Schechter was not personally liable for the unpaid taxes. *Amended Memorandum Opinion*, 182 B.R. 211, April 27, 1995. The Department appeals to this court pursuant to 28 U.S.C. § 158(a). The parties agree that there are no disputed questions of fact. Under Rule 8013 of the Federal Rules of Bankruptcy Procedure, questions of law are subject to *de novo* review. *In re Newman*, 903 F.2d 1150, 1152 (7th Cir.1990).

## DISCUSSION

The Department's position in this appeal is that the Bankruptcy Court did not have jurisdiction to hear Schechter's case because the Department is claiming money due from Schechter in his personal capacity so that *ipso facto* his claim does not arise in nor is it related to the bankruptcy proceeding. It argues that, since Schechter as the operator of the businesses had a duty to comply with applicable tax statutes, he is personally responsible for his failure to do so because he had a duty not to engage in the operation of a business giving rise to tax liabilities when he knew they could not be paid[1]. It cites two statutes in support of its position: 28 U.S.C. § 960 and 11 U.S.C. § 346(f). Section 960 unremarkably makes a bankruptcy trustee, among others conducting a business under the authority of an United States court, subject to federal, state, and local taxes.

Section 346(f) requires a trustee to collect and pay withholding taxes from wages and other forms of remuneration.

■ The first issue to be tackled is whether the Bankruptcy Court had jurisdiction to hear the case in the first instance. Jurisdiction of course depends on the claim at issue. Here Schechter, at least before the bankruptcy judge, was defending against two alternative theories propounded by the Department as to why he is personally liable for the unpaid state taxes. The first theory was that he was entrusted with money due the State and he therefore owed a fiduciary duty to pay it over. The second is that he had no right to withhold payment, which seems to be a claim that Schechter acted *ultra vires* (although in its opening brief the Department avoids using that term). A claim for breach of fiduciary duty can only "arise" in a bankruptcy case and under the Bankruptcy Code since the fiduciary status of a trustee is created by the Code and his duties are described in the Code. *Mosser v. Darrow*, 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1950). The Department argues that Schechter cannot make this argument because he claims that he breached no fiduciary duty. However federal jurisdiction can exist to determine in a declaratory judgment suit that a party sued does not have a federal right. 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure Civil 2d* § 2767, p. 739. Accordingly the Bankruptcy Court had jurisdiction to hear this case as it arose out of the provisions of the Bankruptcy Code.

■ The bankruptcy judge's decision on the merits was based on his finding that the taxes were incurred as a result of Schechter's operation of the businesses pursuant to authority granted by the Bankruptcy Court. He cited three principles of bankruptcy law as controlling. First, an estate is a distinct entity but not a legal person and can only be sued in the name of its trustee; the trustee is a party to such a suit in his official capacity

---

1. The Department spends an inordinate portion of its brief setting up a jurisdictional strawman: 11 U.S.C. § 505(b) which gives the trustee the right to request a determination of any unpaid liability of the estate for any tax incurred during the administration of the estate. Schechter concedes that it does not apply because his suit does not seek a determination of the tax liability of the estate but instead his own liability for the taxes.

only so the estate and not the trustee is liable. Second, the trustee is generally immune from suit for actions arising out of the operation of the estate; he is the legal representative of a separate entity, the estate. Third, the immunity is not unlimited; he can be held liable under two circumstances: when he operates *ultra vires* and when he breaches a fiduciary duty. He noted that since the operation of the hotel had been authorized by the Bankruptcy Court his actions were not *ultra vires*. The state taxes arising from the operations became administrative expenses under § 503(b)(1)(B) of the Code and owed by the estate only. He also found that the claim for violation of fiduciary duty foundered because the Department had previously lost that fight when it unsuccessfully sought to have an equitable interest declared in the estate assets, which was not appealed.

The Department's main argument is that Schechter can be held personally liable for a willful or negligent breach of the statutory duty to pay taxes under 28 U.S.C. § 960[2]. The Department cites *U.S. v. Hemmen*, 51 F.3d 883 (9th Cir.1995) for this proposition. However *Hemmen* did not involve a breach of a statutory duty to pay taxes, but the breach of a statutory duty to turn over property in which the IRS had a property interest pursuant to a tax levy. This is an application of the principle that a trustee can be personally liable for seizing or failing to turn over property in possession of the estate but owned by someone else, which is classified as an *ultra vires* act. *See, e.g., Leonard v. Vrooman*, 383 F.2d 556 (9th Cir.1967, *cert. den.*, 390 U.S. 925, 88 S.Ct. 856, 19 L.Ed.2d 985 (1968)). This comports with the rule articulated by the bankruptcy judge that a trustee can be held personally liable for causing damages through *ultra vires* acts.

■ Thus it is well settled that a trustee cannot be held personally liable unless he acted outside the scope of his authority as trustee, *i.e.,* acted *ultra vires*, or breached a fiduciary duty that he owned as the trustee to some claimant. Examples of the former most often encountered is the seizing of property not owned by the estate. *E.g. Vrooman.* Examples of the latter are failure to collect estate property or failure to preserve it. *E.g., In re Power,* 115 F.2d 69, 72 (7th Cir.1940) and *In re Hutchinson,* 5 F.3d 750, 758 (4th Cir.1993).

■ The scope of duty as trustee determines whether the actions are *ultra vires.* A bankruptcy trustee in a reorganization case has the discretionary authority to exercise his business judgment in operating the debtor's business similar to the discretionary authority to exercise business judgment given to an officer or director of a corporation. *In re Holiday Isles, Ltd.,* 29 B.R. 827, 829 (S.S.Fla.1983). His conduct does not become *ultra vires* even though it is negligent or constitutes an exercise of bad business judgment. *State v. Better Brite Plating, Inc.,* 168 Wis.2d 363, 483 N.W.2d 574 (1992). Schechter was authorized to operate the debtors' hotel and restaurant businesses under Section 1108 of the Bankruptcy Code. He had a fiduciary duty to operate the business to preserve the value of the estate and to cease operations where continued operations would deplete the estate with no reasonable prospect of rehabilitation. The trustee in exercising this duty has "far reaching discretion." *United States ex rel. Harrison v. Estate of Deutscher,* 115 B.R. 592 (M.D.Tenn.1990). The Department does not charge Schechter with violation of this fiduciary duty.

Section 503(b)(1)(B) makes unpaid taxes incurred during the administration of a Chapter 11 estate an administrative expense which is entitled to first priority in payment under Section 507(a)(1). However state taxes are not the only administrative expense entitled to priority under Section 503(b). Other administrative expenses include necessary costs incurred in operating the business, wages, costs of goods, trustees fees and expenses, and the trustee's attorney's fees. Had Schechter been successful in reorganiz-

---

**2.** In its reply brief the Department raises a new contention that Schechter may have been a "responsible officer" under 35 ILCS 735/3–7. This claim was not raised before the bankruptcy judge. In fact the Department disavowed that position in its brief in that court. Any such argument is therefore waived. *In re Narowetz Mechanical Contractors, Inc.,* 99 B.R. 850, 857 f.n. 9 (N.D.Ill.1989), aff'd 898 F.2d 1306 (7th Cir.1990).

ing the businesses Section 1129(a)(9)(A) requires him to propose a plan that paid these taxes and other administrative expenses in full. However where a trustee is unsuccessful in reorganizing the business administrative claim holders are entitled to parity with each other and equal treatment at the conclusion of the Chapter 11 proceedings. *In re Barron,* 73 B.R. 812, 813 (S.D.Cal.1987). Since Schechter was unsuccessful the case had to be converted to Chapter 7 liquidation proceedings where the tax claims and other administrative claims retained their priority under that chapter.

The short of the matter is that Schechter, in trying to make the business succeed, incurred operating expenses and other administrative expenses, among which were the taxes in question. Because the businesses did not turn around, he could not pay these expenses in full as they fell due. Because he failed, the proceeding was necessarily converted into a liquidation under Chapter 7. The fact that the debtor estate got reimbursed by its customers for payment of the taxes is of no moment. Since prices of services and goods are set with their total costs in mind all prices presumably include reimbursement for all expenses incurred, including taxes, whether they are itemized or not. If not, the business can not remain in operation. Schechter had no duty (or right) to afford the Department a priority over other creditors holding priority claims. Even if the Illinois tax statutes could be interpreted to require the trustee to pay the taxes ahead of other priority claims, such an interpretation would make the statute unconstitutional. A state cannot under the supremacy clause of the federal constitution give itself rights in conflict with rights created by the Bankruptcy Code. *In re Woodstock Associates I, Inc.,* 120 B.R. 436 (N.D.Ill.1991); *In re Wimmer,* 121 B.R. 539, *affirmed* 129 B.R. 563 (C.D.Ill.1990). Schechter therefore did not incur personal liability for the exercise of his business judgment in not paying the taxes. The estate owed the taxes and it is up to the estate to pay them if it can. The Department has recognized this and filed a claim in the Chapter 7 proceeding to which it is entitled to priority. It is not entitled to more.

The Department's remaining argument is based on Section 346(f). The theory underlying Section 346(f) liability is that an entity collecting and holding tax money owed and paid by someone else is holding these monies in trust for the taxing body and the taxpayer. Since the monies are held in trust the holder has a fiduciary duty to pay the money to the rightful recipient. Failure to pay under such circumstances constitutes a breach of this fiduciary duty. However the Department already fought this battle and lost. The statutes imposing the taxes in question do not give the State an interest in the funds collected. Presumably the State could have drafted its tax statutes to do so. It did not. As summarized above the Department sought to have an equitable interest declared in the funds collected and held by Schechter but the court held that the statute imposing the tax did not create any such property right. The tax imposed by the Illinois statutes is not imposed on the consumer but rather on the business of operating hotels and restaurants. In addition to imposing the tax the statute extends to the entity paying the tax the right to seek reimbursement from the customer or user (although does not compel it do so) in the form of an addition to the bill. Thus the funds collected, unlike withheld taxes, are not tax proceeds at all but merely constitute additional gross receipts paid for services and goods and constitute unencumbered assets of the estate. In fact the Department now denies that it is claiming a breach of fiduciary duty. Therefore the theory underlying Section 346(f) does not apply.

### THE CONTINENTAL BOND

Continental issued its trustee's bond in this case to ensure "the faithful performance of the undersigned principal of his official duties as trustee...." This suit is against Schechter in his individual capacity. Consequently, the bond would not apply in any event.

### CONCLUSION

Since the Bankruptcy Judge was correct in his ruling in favor of Schechter and Conti-

nental on jurisdiction grounds and the merits, the summary judgments are affirmed.

IT IS SO ORDERED.