47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cheryl A. TREFT, Carl Borsani, Marge Borsani, Thomas L.
Sanders, Plaintiffs-Appellants,
v.
Richard A. WAYNE, James D. O'Connell, Defendants-Appellees.
 Nos. 93-3664, 93-4061.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1995.
 
 Before: JONES, SILER, and GODBOLD,* Circuit Judges.
 PER CURIAM.
 
 
 1
 In this diversity case, alleging fraud by attorneys, Plaintiffs Cheryl A. Treft, Carl Borsani and Marge Borsani challenge the district court's grant of summary judgment in favor of defendants. Specifically, plaintiffs challenge: 1.) the district court's reconsideration of the summary judgment motion; 2.) the district court's dismissal of plaintiffs' common law fraud and intentional infliction of emotional distress claims; and 3.) Judge Cohn's failure to recuse himself from the case.
 
 
 2
 For the reasons stated below, we affirm the district court's decision.
 
 I.
 
 3
 Treft was arrested on drug trafficking and theft charges in Findlay, Ohio. Her attorney at that time suggested that she plead guilty to the charge, which she did. She soon had second thoughts, however, and called Defendant Richard Wayne, an attorney from Michigan to ask him to represent her. Soon afterwards, Wayne met with Treft and her father, Carl Borsani, to work out the specifics of the representation. During this meeting, Wayne purportedly told Treft that he would "get her off" the charge or, at the very least, she would only serve a probated sentence. Thereafter Treft and her father met with Wayne and his partner, Defendant James O'Connell, and signed a retainer agreement.
 
 
 4
 The retainer agreement provided that the cost of the representation would be $10,000.00. It also expressly denied any representation or warranty that any attorney made regarding results. Plaintiffs contend, however, that defendants orally promised Treft and her father that they would only need to pay $6,000.00 for the representation, not the full $10,000.00. Plaintiffs also allege that defendants never allowed them to read the retainer agreement, and failed to give them a copy of the agreement.
 
 
 5
 Defendants represented Treft at that state criminal trial. The jury found Treft guilty, and the state court sentenced her to prison. After sentencing, O'Connell filed an appeal for Treft, which she later withdrew on her own initiative. Treft then sued defendants in federal district court in part on the bases of common law fraud and intentional infliction of emotional distress. Treft contends that defendants harassed her and her parents by making phone calls demanding the payment of the remaining $4,000.00. She also claims that Wayne threatened not to appear at various points of her case if he did not receive more money.
 
 
 6
 Judge Walinski was the presiding district court judge on the case. During this time, defendants moved for summary judgment. Judge Walinski, however, only considered and denied two of the five issues on summary judgment as the defendants had failed to file a copy of the transcript of Treft's deposition. Before trial, Judge Walinski died. The case was then assigned to Judge Avern Cohn of Michigan. After the defendants filed the transcript with the court, Judge Cohn granted summary judgment to defendants.
 
 II.
 
 7
 As an initial matter, plaintiffs' claim that Judge Cohn violated their due process rights by reconsidering the summary judgment motion without giving plaintiffs prior notice is without merit. The record indicates that plaintiffs were given notice and an opportunity to be heard. See In re Narowetz Mechanical Contractors, Inc., 898 F.2d 1306, 1309-10 (7th Cir.1990). Plaintiffs had filed a response in opposition to the summary judgment motion prior to Judge Walinski's decision. Judge Cohn only considered the issues originally presented to Judge Walinski. Judge Cohn also had "warned" the parties prior to the pretrial conference that he believed that Treft's case should not go to trial. Hence, the plaintiffs had some notice of the district court's plan of action. Furthermore, Judge Cohn gave plaintiffs the opportunity to file for reconsideration within twenty days of the ruling, which they did. Indeed, the district court considered their motion, but found it meritless. These circumstances indicate that the district court committed no error in reconsidering the motion.
 
 
 8
 This court reviews the district court's grant of summary judgment de novo. Pinney Dock & Transp. Corp. v. Penn. Central Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988). Summary judgment is proper where, upon viewing all facts and inferences in the light most favorable to the non-moving party, White v. Turfway Park Racing Ass'n, 909 F.2d 941, 943 (6th Cir.1990), there exists "no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Pro. 56(c).
 
 
 9
 We begin with the common law fraud claim. Ohio courts follow the rule that, in order to state an action for fraud, the fraud must relate to a past or present fact. A mere promise of future conduct is insufficient. Kasuri v. St. Elizabeth Hospital Medical Ctr., 897 F.2d 845, 851 (6th Cir.1990); Behrend v. State, 379 N.E.2d 617, 621 (Ohio Ct.App.1977); Tibbs v. National Homes Constr. Corp., 369 N.E.2d 1218, 1222 (Ohio Ct.App.1977). As the court in Tibbs stated,
 
 
 10
 [r]epresentations as to what will be performed or will take place in the future are regarded as predictions and are not fraudulent.... A false assertion presupposes that an event has occurred, that a duty had been performed, that a fact has intervened or that an authority exists....
 
 
 11
 Tibbs, 369 N.E.2d at 1222. This rule applies to defendants' promise to obtain an acquittal for Treft. Defendants simply made a promise for a future result, not an assertion of present ability.
 
 
 12
 As the district court correctly noted, however, Ohio courts recognize an "exception" to the general rule when the promisor "makes his promise of future action, occurrence, or conduct and ... at the time he makes it, has no intention of keeping his promise." Id. at 1223; Kasuri, 897 F.2d at 852. As such, the promisor's present intent to mislead provides the basis for fraud. Tibbs, 369 N.E.2d at 1223. Plaintiffs, however, offered no evidence to establish that defendants did not intend, at the time they took the case, to work for an acquittal or probation of Treft's sentence. This failure renders the exception inapplicable. Kasuri, 897 F.2d at 852; Behrend, 379 N.E.2d at 622. The district court did not err in dismissing this claim on summary judgment.
 
 
 13
 In regard to the intentional infliction of emotional distress claim, plaintiffs neglected to allege that they suffered serious damage as a result of defendants' allegedly outrageous conduct. Ohio courts allow for recovery under this tort only when defendant's conduct resulted in "serious emotional trauma," Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 317 (6th Cir.1989), that is "both severe and debilitating." Id. at 318 (quoting Paugh v. Hanks, 451 N.E.2d 759, 761 (Ohio 1983)). This must be specifically alleged and proved by the plaintiff. Id. Considering plaintiffs' complete failure to mention any damage that resulted from the defendants' conduct in their pleadings and brief, the district court did not err by dismissing this claim.
 
 
 14
 Furthermore, plaintiffs failed to establish that defendants' behavior was "indecent and extreme" as required under Ohio law. Schwartz v. ComCorp, Inc., 633 N.E.2d 551, 556 (Ohio Ct.App.1993). To qualify as "indecent and extreme," the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Yeager v. Local Union 20, 453 N.E.2d 666, 671 (Ohio 1983) (citing Restatement (Second) of Torts Sec. 46 cmt. d (1965)). Plaintiffs argue that defendants demanded money, threatened not to appear at court dates, and refused to allow the plaintiffs to read the retainer agreement. The seriousness of these allegations, even if supported, is undermined by the fact that Treft admitted in her deposition that the only thing she thought that the defendants "did wrong" was to promise to, and then fail to, obtain an acquittal of the charges. This conduct clearly does not "go beyond all possible bounds of decency." The district court was correct in dismissing this claim.
 
 
 15
 Next, we find that Judge Cohn did not "abuse his discretion" when he refused to recuse himself from the case. United States v. Sammons, 918 F.2d 592, 599 (6th Cir.1990). Putting aside the absurdity of some of plaintiffs' allegations (i.e., all Detroit judges are biased against Ohio plaintiffs), the allegations as a whole do not require Judge Cohn's recusal. Under 28 U.S.C. Sec. 455(a) or (b),[1] recusal is appropriate only where the judge has a personal or extrajudicial bias against a party or the case. In re Adams, 31 F.3d 389, 396 (6th Cir.1994); United States v. Nelson, 922 F.2d 311, 319 (6th Cir.1990); Wheeler v. Southland Corp., 875 F.2d 1246, 1251 (6th Cir.1989). The term "personal or extrajudicial bias" refers to "prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases. Personal bias arises out of the judge's background and associations." Nelson, 922 F.2d at 319; Wheeler, 875 F.2d at 1252. Furthermore, contrary to plaintiffs' position, a mere "appearance of partiality and hostility toward one of the litigants" does not necessarily require recusal under Sec. 455. Wheeler, 875 F.2d at 1252.
 
 
 16
 Upon reviewing the record, we find that a reasonable person would conclude, United States v. Sammons, 918 F.2d 592, 599 (6th Cir.1990), that Judge Cohn's comments were merely statements concerning issues of law made in the course of proceedings between the parties. His statement regarding his "thumbnail test" for outrageousness (i.e., whether the conduct makes him want to vomit), while rather strong, merely indicates the judge's experience with applying the tough standard for outrageousness in prior cases. Furthermore, plaintiffs offer no evidence that the Judge harbored personal prejudice against plaintiffs or their counsel. For these reasons, Judge Cohn was correct in refusing to recuse himself from the case.
 
 
 17
 Finally, defendants argued that this court should dismiss plaintiffs' complaint as violating Federal Rule of Civil Procedure 8. Considering our decision to affirm the district court's grant of summary judgment on the merits, we do not find it necessary to decide this issue.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation
 
 
 [1]
 28 U.S.C. Sec. 455 states:
 (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
 (b) He shall also disqualify himself in the following circumstances:
 (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.