**In the Matter of NAROWETZ MECHANICAL CONTRACTORS, INC., an Illinois Corporation.**

**Appeal of ECONOMY MECHANICAL INDUSTRIES, INCORPORATED.**

**No. 89–1909.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 8, 1989.

Decided April 9, 1990.

---

E.T. Cunningham, Chicago, Ill., for appellant.

Daniel A. Zazove, Towbin & Zazove, Chicago, Ill., for debtor-appellee.

Before POSNER and EASTERBROOK, Circuit Judges, and DUMBAULD, Senior District Judge.*

DUMBAULD, Senior District Judge.

Appellant, Economy Mechanical Industries, Inc. (hereinafter "Economy"), a subcontractor of appellee, Narowetz Mechanical Industries, Inc. (hereinafter "Narowetz"), a subcontractor of general contractor B.R. Starnes Company (hereinafter "Starnes") engaged in renovation of a hotel property in Chicago, appeals in the case at bar from the District Court's judgment of April 13, 1989, affirming the bankruptcy court's judgment of July 14, 1986, against Economy in the amount of $103,000.00 in favor of Narowetz (debtor in possession in a Chapter 11 bankruptcy[1]) on Narowetz's adversary complaint[2] to recover preferences in violation of 11 U.S.C. § 547.[3]

---

* The Honorable Edward Dumbauld, United States Senior District Judge of the Western District of Pennsylvania, sitting by designation.

1. Narowetz filed under Chapter 11 on October 5, 1982. The preference period under 11 U.S.C. § 547(f) is ninety days preceding that date. According to the District Court's calculation the preference period began on July 7, 1982. (App. 3)

2. The complaint, filed March 25, 1983, claimed preference of $454,105.21. Supp.App. tab E, p. [2]. The action was not pursued, however, except with respect to the $103,000.00 admitted by Economy as received on July 21, 1982 [see text at note 8, *infra*] and a supplemental claim for $40,760.25. [See note 11, *infra*]. These two items equalled the sum of checks for $86,589.00, $39,200.00, and $17,911.25 received by Economy from the escrow agent during the preference period. [See Friedman affidavit, Supp.App. tab M, p. 4; and Skaja affidavit, Supp.App. tab M, p. 2].

3. That section provides in pertinent part:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—
 (1) to or for the benefit of a creditor;
 (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
 (3) made while the debtor was insolvent;
 (4) made—
 (A) on or within 90 days before the date of the filing of the petition; ... and
 (5) that enables such creditor to receive more than such creditor would receive if—
 (A) the case were a case under chapter 7 of this title;
 (B) the transfer had not been made; and
 (C) such creditor received payment of such debt to the extent provided by the provisions of this title.
(c) The trustee may not avoid under this section a transfer—
 (1) to the extent that such transfer was
 (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

Economy, repeatedly failing to meet deadlines during the proceedings, contends that it was abuse of discretion when Bankruptcy Judge Merrick denied a request for continuance so that an additional newly retained attorney might review the case, and when Bankruptcy Judge Schwartz (to whom the case was assigned after Bankruptcy Judge Merrick's retirement) on October 25, 1985, denied Economy's request to amend its prior responses to interrogatories and requests for admissions (upon which Bankruptcy Judge Merrick's non-final partial summary judgment of April 1, 1984, in the amount of $103,000.00 in favor of Narowetz against Economy was based).[4] Economy also contends that it was a denial of due process when Bankruptcy Judge Schwartz on October 25, 1985, and January 31, 1986, failed to grant Economy a hearing. For reasons hereinafter set forth we affirm.

As the District Court noted[5], the gist of appellant's argument is the claim that it was deprived of the chance to prove that the funds treated as a preference were not paid to Economy by Narowetz [the debtor in the Chapter 11 case] but by Pioneer National Title Insurance Company (sometimes referred to as a Ticor Company, or Ticor), an escrow agent representing the owner of the property. To avoid mechanics' liens on the property, Ticor obtained authorization from Starnes the general contractor to pay subcontractors directly rather than through Narowetz after complaints were received that Narowetz was not paying promptly when due. Ticor took releases of liens from these payees, including Economy.[6] Economy contends that such releases were "new value" and thus constituted under 11 U.S.C. § 547(c)(1) an exception to voidability as a preference.

However, all these circumstances were known by Economy's officers and counsel at the time when they prepared the admissions upon which Bankruptcy Judge Merrick's partial summary judgment of April 2, 1984, was based.[7]

Economy's answers to Narowetz's interrogatories and requests for admissions stated: "Yes, we admit we did not give the Debtor any 'New Value.'" and, with respect to whether Economy "received any 'Transfer' of the Debtor's property ... during the 'Preference Period'", and the amount and date thereof, stated:

"(A) Yes;

(B) $103,000.00; and

(C) July 21, 1982."[8]

Economy made no response to Narowetz's motion for partial summary judgment, filed February 24, 1984.[9] However, when the matter came up before Bankruptcy Judge Merrick on April 2, 1984, someone from the office of E.T. Cunningham, Esq., requested a continuance on the ground that Mr. Cunningham, engaged in a trial that day in Waukegan, had been retained as additional counsel by Economy, and needed time to prepare. Bankruptcy Judge Merrick denied the postponement, and granted Narowetz's motion.[10] The judgment, as has been seen, was not final. It was made

---

(B) in fact a substantially contemporaneous exchange

. . . . .

[New value is defined in subsection (a)(2) of Section 547.]

**4.** Supp.App. tab P, pp. 5–8. This was not a final judgment. It omitted the talismanic words required by Rule 54 FRCP (incorporated in Bankruptcy Rule 7054) expressly directing entry of final judgment and stating that "there is no just reason for delay."

**5.** App. 6 (note 5 of Judge Nordberg's opinion).

**6.** As the District Court pointed out (App. 7, 26) the record contains no documentation with respect to Economy's lien rights (if any) or plaintiff's waiver thereof.

**7.** Deposition of Martin B. Freedman, Economy's financial vice-president and treasurer, Second Supp.App. tab Z, pp. 44–49; deposition of David W. Adelman, Economy's counsel, Second Supp. App. tab XY, pp. 15, 19.

**8.** Supp.App. tab H, p. 3 [belatedly filed January 12, 1984].

**9.** Supp.App. tab I.

**10.** Supp.App. tab L. For the judgment see Supp. App. tabs J and K.

final on July 14, 1986,[11] and affirmed by the District Court on April 13, 1989.[12] 99 B.R. 850.

Turning specifically to the first issue raised by Economy on this appeal, it is settled law that motions for postponement and continuance are inherently discretionary with the trial court, especially today in an era of logjams in caseloads and need for efficient utilization of scarce judicial resources. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30, 633, 82 S.Ct. 1386, 1388–89, 1390, 8 L.Ed.2d 734 (1962); *Andrews v. Hotel Sherman*, 138 F.2d 524, 528 (C.C.A. 7 1943); *U.S. v. Antioch Foundation*, 822 F.2d 693, 697 (7th Cir.1987).

 We are unable to discern any abuse of discretion in Bankruptcy Judge Merrick's refusal to continue the case. The same is true of Bankruptcy Judge Schwartz's refusal to vacate the partial summary judgment and to permit Economy to amend its admissions. *U.S. v. Kasuboski*, 834 F.2d 1345, 1350–52 (7th Cir.1987). Likewise there was no denial of due process when Bankruptcy Judge Schwartz refused to grant Economy an evidentiary hearing when he upheld the partial summary judgment and made it final. Denial of such a hearing cannot be denial of due process when Economy had no right to such a hearing, before the grant of summary judgment. *Grigoleit Co. v. Local No. 270*, 769 F.2d 434, 437–38 (7th Cir.1985). And as the District Court pertinently observed [13], if there is no right to a hearing before grant of summary judgment, *a fortiori* there is no right to a hearing on a motion to vacate the judgment or on a motion for reconsideration of the refusal to vacate.

The lack of merit in Economy's position is forcefully described in Bankruptcy Judge Schwartz's oral opinion in support of his refusal on October 25, 1985, to vacate the order of April 2, 1984:

The thrust of Economy's motion, and the affidavit attached thereto, is that Economy was prevented from defending the Plaintiff's Motion for Partial Summary Judgment because the court refused to grant Economy an extension of time at the hearing on the Debtor's Motion for Partial Summary Judgment.

Economy asserts that if the court had allowed it an opportunity to search its records, it would have been able to present to the Court the evidence showing why it mistakenly believed that the payments received for completing subcontracting work in the renovation of the St. Clair Hotel were from the Debtor.

Nowhere in the affidavit or in the motion is there any indication that these documents were not available to Economy at all times since the commencement of the adversary proceedings on March 25, 1983.

Economy has consistently, but [*sic; by?*] its own inaction, ignored this Court and its process. It did not file its Answer to the Complaint within the time permitted nor did it request an extension. It did not file its response to interrogatories within the time permitted and the record does not disclose any request for an extension. It did not file its Answer to the Motion for Partial Summary Judgment within the time permitted nor did Economy make a timely request for an extension. In addition, Economy failed

---

**11.** Supp.App. tab U, p. [2]. Economy argued that the judgment should have been modified rather than made final on July 14, 1986. Economy's motion of May 2, 1984, to vacate the partial summary judgment of April 2, 1984, had been denied by Bankruptcy Judge Schwartz on October 25, 1985. Supp.App. tab Q. Economy's motion for reconsideration was denied on January 31, 1986. Supp.App. tab S. The final order of July 14, 1986, also denied a supplemental motion of Narowetz [see note 2, *supra*] since the parties agreed that a check for $39,260.00 which was included in payments to Economy by

Ticor did not represent work done under Economy's contract of April 25, 1981, with Narowetz but under a direct subcontract by Economy for other work.

**12.** App. doc. #27. The District Court also affirmed the Bankruptcy Court's denial of sanctions under Rule 11 FRCP and 28 U.S.C. § 1927 and denied Narowetz's request for sanctions. This ruling is plainly proper and requires no further discussion. We affirm the District Court with respect to Narowetz's cross-appeal.

**13.** App. 19.

to file a motion for reconsideration or appeal within the time provided by the rules.

There must be an end to litigation. It cannot go on forever. It is not the Court's role to protect intelligent, able parties from their own failings and from their conscious indifference to this Court's process.

A motion for relief under Bankruptcy Rule 9024, Federal Rule 60(b) is addressed to the sound discretion of the trial judge. It provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances and is not intended to relieve a litigant or his counsel from the consequences of his decisions ...

Economy was given more than ample opportunity to search its records, to examine the law and to present its defenses from March 25, 1983 to April 2, 1984. It was Economy's conscious choice not to do so. Having made this choice, it cannot now present a motion to claim a mistake, inadvertence or the like.[14]

In like vein the District Court noted that Bankruptcy Judge Merrick's decision was correct when he made it.[15]

All that Judge Merrick could know at that time was that Economy had continually failed to respect the timetables imposed by pertinent court rules and that the company had once again missed a deadline. If the deadline truly made it impossible for Economy to respond within the time allotted, counsel could have so notified the court on or before March 15 and requested a continuance in advance of the April 2 hearing. Economy presents no evidence that it did so, and presents no excuse here for its failure in this regard. Given this record, Economy's contention that Judge Merrick

abused his discretion in refusing a continuance on the day set for hearing cannot fly. Economy's failure to timely oppose the motion for summary judgment was its own fault. This Court will not hold that a bankruptcy judge abuses his discretion when he declines to conform his busy docket so as to relieve litigants from the consequences of their own failings. *Cf. United States v. Kasuboski*, 834 F.2d 1345, 1351–52 (7th Cir.1987).[16]

Accordingly, the judgment of the District Court is

AFFIRMED.

---

**14.** Supp.App. tab P, pp. 6–8. This language is repeated in the order of October 25, 1985, itself. Supp.App. tab Q, pp. 3–4. Appellee (Brief, p. 18) points out that:

Economy has already had five opportunities to present its case to the bankruptcy court: in its answer to the complaint; after Narowetz filed a motion for default judgment; in its motion to vacate the judgment; and in its

motion to reconsider the judgment. Not once has Economy raised sufficient facts to demonstrate that Narowetz was not entitled to the relief it obtained.

**15.** See *U.S. v. The Schooner Peggy,* 1 Cranch 103, 109–110, 2 L.Ed. 49 (1801).

**16.** App. 18.