948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Melvin P. DEUTSCH, Plaintiff/Appellant,
v.
UNITED STATES of America, United States Department of
Justice and Federal Bureau of Prisons, et al.,
Defendants/Appellees.
 No. 90-2199.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Nov. 20, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK, and MANION, Circuit Judges.
 
 ORDER
 
 1
 The appellant, Melvin P. Deutsch appeals after the district court granted the appellee's motion to dismiss. He argues that the court should have granted him an extension of time to file a brief in response to the motion. We find no abuse of discretion by the district court and hence affirm.
 
 
 2
 Deutsch, a former federal prisoner, filed this suit alleging that federal officials violated his constitutional rights. Since filing suit, Deutsch has requested three Rule 6(b) extensions of time to reply to the defendant's motion to dismiss. Fed.R.Civ.Pro. 6(b). In all three requests, Deutsch contended that he was recently released from prison and left behind documents necessary to answer the motion to dismiss. The district court granted the first two requests but denied the third. Deutsch now appeals the district court's decision to deny the third extension.
 
 
 3
 The decision to grant or deny a extension of time pursuant to Rule 6(b) is within the discretion of the trial court. See Fed.R.Civ.P. 6(b); In re Narowetz Mechanical Contractors, Inc., 898 F.2d 1306, 1309 (7th Cir.1990) (extensions of time are generally within the district court's discretion). Appellate courts, thus review district court decisions using an abuse of discretion standard. Mendez v. Banco Popular De Puerto Rico, 900 F.2d 4, 6 (1st Cir.1990).
 
 
 4
 In Deutsch's case, we have reviewed the record and find no abuse of discretion. The district court did grant Deutsch two extensions. Also, we agree with the district court that the contentions raised in the defendants' motion to dismiss were not factual questions but legal issues such as sovereign immunity and improper service of process. It is, therefore, unclear why Deutsch needs his documents to answer the defendant's allegations when he could simply research the issues in a law library.
 
 The district court's decision is therefore
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs