In re Christopher **CAPPUCCILLI** and Susan Cappuccilli, Debtors.

Gregory **MILLER** and Custom Home Development Corporation, an Illinois Corporation, Plaintiffs,

v.

Christopher **CAPPUCCILLI** and Susan Cappuccilli, Defendants.

Bankruptcy No. 93 B 16563.
Adv. No. 93 A 01407.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

March 7, 1996.

Terry M. Lachik, McKenna, Storer, Rowe, White & Farrug, Chicago, IL, for Gregory Miller and Custom Home Development Corporation Plaintiffs.

Robert J. Walinski, Lauren Newman, Walinski & Trunkett, P.C., Chicago, IL, for Susan Cappuccilli Debtor/Defendant.

### *MEMORANDUM OPINION*

JOHN H. SQUIRES, Bankruptcy Judge.

This matter is before the Court on the motion of Susan Cappuccilli (the "Debtor") to quash service and vacate a default judgment previously entered in this adversary proceeding. The motion was filed pursuant to Fed. R.Civ.P. 60(b), made applicable to this proceeding by Fed.R.Bankr.P. 9024. The Debtor makes no challenge to the subject matter jurisdiction of the Court, and instead asserts that the Court lacked proper in personam jurisdiction over her because of claimed defective service of process. For the reasons

stated herein, because the service of process was defective, the judgment is void and, pursuant to Fed.R.Civ.P. 60(b)(4), the Court hereby grants the Debtor's motion. Service is quashed and the default judgment is vacated as to the Debtor.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334(b) and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## BACKGROUND

On August 6, 1993, the Debtor and Christopher Cappuccilli (the "co-Debtor") filed a joint petition for voluntary relief under Chapter 7 of the Bankruptcy Code. At that time, the Debtor lived with the co-Debtor at 6 Waterford Place, Schaumberg, Illinois ("Marital Home"). This was the address the Debtor listed on her bankruptcy schedules. Shortly thereafter, the Debtor became separated from the co-Debtor and moved to 12202 South 70th Avenue, Palos Heights, Illinois. Although the Debtor alleges she informed her attorney, the case trustee, and the plaintiff's attorney of her change of address, she did not notify the Court of that change. The Debtor likewise did not notify the Court of a subsequent address change.

On November 3, 1993, Gregory Miller and Custom Home Development Corporation ("Miller & Custom") filed a complaint against the Debtor and the co-Debtor and a summons was issued by the Bankruptcy Clerk. On November 3, 1993, Miller & Custom attempted to serve the Debtor by first class mail and also by certified mail. The papers submitted to the Court indicate that a copy of the summons and complaint was mailed to the Debtor at the Marital Home, and not to the Debtor's then actual residence. No certified mail receipt showing receipt by the Debtor has been furnished to the Court. The Debtor maintains she did not receive the summons and complaint at that time. The summons and complaint were not mailed to the Debtor's attorney, but on January 7, 1994, Miller & Custom's attorney sent the Debtor's attorney a letter that stated the Debtor had been served and had failed to respond. Thereafter, on January 18, 1994, 75 days after the original summons was issued, the Debtor was personally served by a private process server with a copy of the complaint and the summons issued in November.[1]

On May 12, 1994, a default judgment was entered against the Debtor and the co-Debtor in the amount of $246,200.00 by the Honorable Eugene R. Wedoff, to whom this matter was then assigned. Pursuant to the default judgment, this amount was determined non-dischargeable under 11 U.S.C. §§ 523(a)(2), (4), and (6). On November 14, 1994, the Debtor was personally served with a citation to discover assets issued in post judgment collection proceedings commenced in state court as well as this Court. On December 29, 1994 the Debtor appeared before Judge Wedoff and requested a continuance to obtain new counsel. Judge Wedoff granted the continuance and set a status hearing for February 6, 1995.

On January 9, 1995, an order was entered that reassigned the bankruptcy case to the undersigned, along with all other matters before the Bankruptcy Court on the DuPage County call. On February 6, 1995, Miller & Custom appeared before the undersigned, but the Debtor appeared before Judge Wedoff. Judge Wedoff "dismissed" the citation. The docket indicates, however, that Miller & Custom were given leave to file a motion to hold the Debtor in contempt pursuant to Fed.R.Bankr.P. 9020.

---

1. Although the Debtor disputes the fact that she was, in fact, served with these papers, the Court will assume for purposes of this Opinion that the Debtor was personally served by the private process server. The affidavit of the process server states that service of process was made on the Debtor personally. A signed return of service is prima facie evidence of valid service. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir.1993); *Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.*, 126 F.R.D. 48, 52 (N.D.Ill.1989). The Debtor's counter affidavit, standing alone, is insufficient to rebut the prima facie effect of the process server's certified return of service. It is impossible for the Court to make any credibility determinations from the two opposing affidavits without something more than these papers.

In June 1995, the Debtor made her first attempt to vacate the default judgment, but that motion was dismissed for want of prosecution. On December 13, 1995, having obtained new counsel, the Debtor filed the pending motion to quash service and vacate the judgment. The motion challenges the service of process employed against the Debtor as the principal reason for compelling vacation of the default judgment entered against her. The Court will address this aspect of the motion without discussion of the Debtor's claimed meritorious defense that she did not own any part of the co-Debtor's business nor was she principally involved in either the business dealings or the wrongful actions alleged in the complaint.

### LEGAL STANDARDS

#### I. Was service of process valid?

The first issue is whether the Debtor was properly served with the summons and complaint. Fed.R.Bankr.P. 7004 governs service of process in cases and related adversary proceedings that arise under the Bankruptcy Code. Fed.R.Bankr.P. 7004 incorporates certain sections of Fed.R.Civ.P. 4, which governs service of process in federal cases, but includes additional methods of, and restrictions on, service of process.

■ Service of process under these rules may be made in a number of ways. Two such methods of service of process are by first class mail and by personal service. Fed.R.Bankr.P. 7004(b)(9) allows service of process to be made upon a debtor by first class mail:

after a petition has been filed by ... the debtor, and until the case is dismissed or closed, *by mailing copies of the summons and complaint to the debtor* at the address shown in the petition or statement of affairs or to such other address as the debtor may designate in a filed writing *and,* if the debtor is represented by an attorney, *to the attorney* at the attorney's post-office address.

Fed.R.Bankr.P. 7004(b)(9) (emphasis supplied); *see also Ingala v. Sciarretto (In re Sciarretto),* 170 B.R. 33, 35 (Bankr.D.Conn. 1994) (service of summons and complaint

only on debtor and not on attorney who represented him rendered service incomplete); *United States Escrow v. Bloomingdale (In re Bloomingdale),* 137 B.R. 351, 354–55 (Bankr.C.D.Cal.1991) (service upon debtor is not proper until debtor's counsel is served); *Longmeadow Motor Co., Inc. v. Heinz (In re Heinz),* 131 B.R. 38, 40 (Bankr. D.Md.1991) (attempted service upon debtors "ineffectual because debtors' counsel was not served"); *Sanghui v. Alpha Omega Travel, Ltd. (In re Terzian),* 75 B.R. 923, 925 (Bankr.S.D.N.Y.1987) (failure to serve the debtor's attorney constituted defective service of process).

Fed.R.Civ.P. 4(d)(1), incorporated by reference in Fed.R.Bankr.P. 7004(a), provides that process may be served upon an individual "by delivering a copy of the summons and of the complaint to the individual personally...." The rules limit the time in which such service may be made. Fed.R.Bankr.P. 7004(f) provides that if service is made pursuant to Fed.R.Civ.P. 4(d)(1), it "shall be made within 10 days following the issuance of the summons." Fed.R.Bankr.P. 7004(f) provides in relevant part that:

If service is made by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days following issuance of the summons. If a summons is not timely delivered or mailed, another summons shall be issued and served.

■ In the current instance, service was not effective because it did not meet the requirements of Fed.R.Bankr.P. 7004. Miller & Custom first attempted process via first class and certified mail. Assuming, *arguendo* that the address to which Miller & Custom sent the summons and complaint was the appropriate address at which to serve the Debtor, Miller & Custom still failed to mail a copy of the summons and complaint to her attorney within 10 days after the summons was issued. The letter Miller & Custom's attorney sent on January 7, 1994 does not cure this defect. It was not a copy of the summons and complaint, as required by Fed. R.Bankr.P. 7004, and it was not deposited in the mail within 10 days pursuant to Fed. R.Bankr.P. 7004(f). The Debtor has con-

tended she did not receive the timely mailed summons and complaint, and so the importance of timely service upon the attorney may not be overlooked as a mere technicality.

■ Miller & Custom's attempt at personal service likewise failed. The papers were not personally served by the private process server within 10 days of the issuance of the summons and no new summons was issued. In fact, Miller & Custom concede that the summons was stale. Both the attempted personal service and the attempted service by mail were, therefore, defective.

Miller & Custom argue that a delay of six months and one year to bring a first and second motion to vacate is unreasonable. In support of this proposition, they cite *In re Narowetz Mechanical Contractors, Inc.*, 898 F.2d 1306 (7th Cir.1990). *Narowetz,* however, is inapposite. There were two issues reached by the court in *Narowetz:* whether the bankruptcy court had abused its discretion in denying a continuance and whether the bankruptcy court had denied the creditor due process when it failed to grant a hearing on whether an alleged preference was paid by the debtor or a non-debtor third party. 898 F.2d at 1308. The court refused to vacate the decision because the creditor had consistently missed deadlines during the case, and had not presented to the court any information that was not available to it prior to the time of the judgment. *Id.* at 1309–10. The court noted that the creditor already had five opportunities to present its case and had failed to do so. *Id.* at 1310 n. 14. The court did not discuss whether any delay in moving to vacate was unreasonable.

Miller & Custom also argue that their efforts at service are sufficient, and in support of that proposition they cite *Burke v. Greaves (In re Greaves)*, 121 B.R. 234 (N.D.Ill.1990). In *Greaves,* the plaintiff unsuccessfully attempted to serve process on the debtor at the address listed in the bankruptcy schedules. The plaintiff then attempted service by first class mail, sending a copy of the summons and complaint to the debtor at a different address, which the plaintiff's counsel had discovered in court documents in an unrelated criminal matter.

The debtor never responded and a default judgment was entered against him. The court rejected debtor's motion to quash service and vacate the judgment because the plaintiff had made every effort to provide the debtor with "notice reasonably calculated, under all the circumstances, to apprise interested parties of the action and afford them an opportunity to present their objections." *Greaves,* 121 B.R. at 235 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Miller & Custom fail to note, however, that the plaintiffs in *Greaves* met the requirements of effective service by having an alias summons issued before they made their second attempt at process, an action Miller & Custom failed to take. Thus, Miller & Custom's first attempt at service failed because notice was not sent to the Debtor's attorney.

Their second effort by personal service was not attempted until long after the 10 day period after the summons was issued, in violation of the mandate of the last sentence of Bankruptcy Rule 7004(f). Thus, at best, Miller & Custom contend that proper in personam jurisdiction over the Debtor is derived via a stale summons. This in turn requires the Court to consider the effect of such defective service.

## II. Is the judgment void?

■ The Seventh Circuit has never addressed the validity of a judgment entered in an adversary proceeding under the Bankruptcy Code where the underlying service of process is improper. The Debtor cites no controlling precedent on point. The Seventh Circuit has addressed the issue of whether the sale of real estate free and clear of all liens was void where the second mortgage holder never received notice of the sale. *In re Edwards,* 962 F.2d 641 (7th Cir.1992). The Court in *Edwards* found that when the rights of innocent third parties may be affected, the court must consider competing interests and not merely find the judgment to be void per se. *Id.* at 644, 645–46 (holding that the rights of a bona fide purchaser outweighed those of an under secured second mortgage holder).

Courts in the Ninth Circuit have held that if service of process is defective, any default judgment is void because the court had no jurisdiction over the parties. *Kaczmarczik v. Van Meter (In re Van Meter)*, 175 B.R. 64, 67 (9th Cir. BAP 1994) (holding that failure to serve debtors with filed complaint and issued summons rendered default judgment void); *Cossio v. Cate (In re Cossio)*, 163 B.R. 150, 154 (9th Cir. BAP 1994), *aff'd*, 56 F.3d 70 (9th Cir.1995). "When it is found that there has been defective service of process, the judgment is void: 'A person is not bound by a judgment in litigation to which he or she has not been made a party by service of process.'" *Cossio*, 163 B.R. at 154 (quoting *Mason v. Genisco Technology Corp.*, 960 F.2d 849, 851 (9th Cir.1992)).

Other courts have also held that a default judgment is void and should be set aside if there has been no proper service of the complaint. *E.g., Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 (D.C.Cir.1987); *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir.1985). Because a court asserts in personam jurisdiction to adjudicate the rights of a party through service of process, an in personam judgment is void where the requirements for effective service have not been satisfied. *Combs*, 825 F.2d at 442; *see also, e.g., Hospital Mortgage Group, Inc. v. Parque Indus. Rio Canas, Inc.*, 653 F.2d 54, 56 (1st Cir.1981) (holding that if service is inadequate, defendant never submitted to court's jurisdiction and underlying judgment is, therefore, a nullity); *Central Operating Co. v. Utility Workers of America, AFL–CIO*, 491 F.2d 245, 249 (4th Cir.1974) ("It is axiomatic that a federal court cannot acquire *in personam* jurisdiction over a defendant who does not voluntarily appear unless he is served with process in a manner authorized by federal statute or rule."); *Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir.1968) (holding that absent valid service of process, proceedings are void from the outset). The only exception to this principle arises when a defendant voluntarily waives the insufficiency of service and subjects himself to personal jurisdiction. *Combs*, 825 F.2d at 442, n. 42. The Court concludes that timely compliance with the requirements of Bankruptcy Rule 7004 is necessary to fulfill the constitutional requirements of procedural due process—proper and adequate notice and opportunity for a hearing on the merits, usually *before* a final judgment or order is entered in personam against a party.

Here, each method attempted for the underlying service of process was defective under the applicable rules, and the Court therefore finds that the judgment is void. The Debtor was not properly served, and thus the Court did not have in personam jurisdiction over her to determine her potential liability on the complaint. There are no innocent third parties that may be affected if the judgment is deemed void, and thus there is no countervailing interest to balance. Hence, because of Miller & Custom's failure to effect valid service of process, the default judgment is void as against the Debtor. The Court then needs to take appropriate action to relieve the Debtor from the default judgment. This raises the equitable question of what is the appropriate relief.

### III. Must the judgment be vacated?

Fed.R.Bankr.P. 9024 makes Fed. R.Civ.P. 60 applicable in all adversary proceedings that arise under the Bankruptcy Code. Fed.R.Civ.P. 60(b)(4) allows a judgment to be vacated when the underlying judgment is void. A void judgment for purposes of this rule is generally defined as a judgment entered by a court without jurisdiction or in contravention of due process of law. *Edwards*, 962 F.2d at 644; *Wesco Products Co. v. Alloy Automotive Co.*, 880 F.2d 981, 984 (7th Cir.1989).

The Seventh Circuit has held that vacating a void judgment under Fed.R.Civ.P. 60(b)(4) is not discretionary, but that a court must vacate a default judgment if that judgment is void. *E.g., United States v. Indoor Cultivation Equip. From High Tech Indoor Garden Supply*, 55 F.3d 1311, 1316 (7th Cir.1995); *Edwards*, 962 F.2d at 644. Any judgment made without proper jurisdiction is a "legal nullity" that may be vacated by the rendering court at any time. *Pacurar v. Hernly*, 611 F.2d 179, 181 (7th Cir.1979); *see also Edwards*, 962 F.2d at 644.

Likewise, the reasonable time limitation of Rule 60(b)(4) " 'must generally mean no time limit,' at least absent exceptional circumstances not present here." *Pacurar*, 611 F.2d at 181 (citations omitted). Although the Debtor did not act with the proper diligence in bringing this motion to vacate the default, Miller & Custom's failure to properly serve her initially deprived the Court of proper personal jurisdiction over the Debtor, and, therefore, the Court should grant the Rule 60(b) relief. *See Guess?, Inc. v. Chang*, 163 F.R.D. 505, 508 (N.D.Ill.1995).

Thus, because the Court lacked proper personal jurisdiction over the Debtor due to defective service of process, the judgment is void and, pursuant to Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60(b)(4), the judgment should be vacated. This result comports with the policy of favoring decisions in contested matters on their merits after consideration of both parties' evidence. The same is pertinent here in light of the Debtor's contentions of a facially meritorious defense of non-involvement in the co-Debtor's business affairs which gave rise to the complaint.

### IV. Should the complaint be dismissed?

The Debtor contends in her final papers that the complaint should be dismissed as against her pursuant to Fed.R.Civ.P. 4(j), in contrast to her original prayer for relief in which she asked that the default judgment be vacated and that she be allowed to defend on the merits against the causes of action alleged against her. Fed.R.Civ.P. 4(j), incorporated by reference in Fed.R.Bankr.P. 7004(a), requires service of process to be completed within 120 days after the complaint is filed.

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j).

The Seventh Circuit has held that a dismissal pursuant to Fed.R.Civ.P. 4(j) is not discretionary, and, absent a finding of good cause, the action must be dismissed. *Tso v. Delaney*, 969 F.2d 373, 375 (7th Cir.1992); *Geiger v. Allen*, 850 F.2d 330, 331–32 (7th Cir.1988); *see also, Sullivan v. Mitchell*, 151 F.R.D. 331, 332 (N.D.Ill.1993). Likewise, a statute of limitations problem will not serve to establish good cause or otherwise prevent dismissal, because without prejudice does not mean without consequence. *Floyd v. United States*, 900 F.2d 1045, 1048 (7th Cir.1990); *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir.1989). Absent a showing of good cause, the Court must dismiss this adversary proceeding.

The Court has broad discretion to determine whether the plaintiff has demonstrated good cause. *Floyd*, 900 F.2d at 1047; *Sullivan*, 151 F.R.D. at 332. The Seventh Circuit has stated that it is a court's duty to make a discretionary finding of whether the plaintiff has established good cause. *Floyd*, 900 F.2d at 1047; *see also Sears, Roebuck & Co. v. Reeves (In re Reeves)*, 127 B.R. 866, 868 (Bankr.S.D.Cal.1991) ("a court must determine on the facts of each case whether good cause has been shown."). Although a court may raise the issue sua sponte, the court must ensure that the plaintiff had notice and an opportunity to be heard on the issue. *See Heinz*, 131 B.R. at 42.

The Seventh Circuit has held that attorney neglect, standing alone, is insufficient to constitute good cause. *Floyd*, 900 F.2d at 1047 ("simple attorney neglect, without the presence of substantial extenuating factors such as sudden illness or natural disaster, cannot constitute the sole basis for a 'good cause' determination."); *see also, Gabriel v. United States*, 30 F.3d 75, 77 (7th Cir.1994) (holding that failure to carefully read Rule 4 or relevant case law in reliance on statement of employee of District Court Clerk's office was not good cause); *Powell*, 866 F.2d at 965 ("Neglect by [plaintiff's attorney] is no reason to impose burdens on his adversary."). To allow attorney negligence to constitute good cause would defeat the congressional goal of promoting the prompt movement of civil actions. *Floyd*, 900 F.2d at 1048.

A plaintiff must show a reasonable and diligent effort to effect service to support a finding of good cause. *Sullivan,* 151 F.R.D. at 332. A court may find that the plaintiff has made a reasonable and diligent effort if the plaintiff has proceeded in a manner reasonably calculated to effect service within 120 days. *Id.* at 333. By contrast, "half-hearted efforts to serve a defendant will not excuse a plaintiff from adhering to the 120–day deadline." *Geiger,* 850 F.2d at 333; *Sullivan,* 151 F.R.D. at 333.

Attorney neglect, accompanied by other factors, may constitute good cause. *Floyd,* 900 F.2d at 1047. A defendant's conduct may be one accompanying factor. For example, several courts have found that defendants had "waived" the sufficiency of service issue when it appears they tried to wait out the legitimate process period merely to frustrate the cause of action. *See, e.g., In re Peacock,* 125 B.R. 526, 527 (N.D.Ill.1991) (denying dismissal and holding that plaintiff had showed good cause to grant extension of 120 day service period where defendant had lulled plaintiff into believing he had been properly served); *see also Santos v. State Farm Fire & Casualty Co.,* 902 F.2d 1092, 1096 (2d Cir.1990) ("A defendant cannot justly be allowed to lie in wait ... and then obtain a dismissal ... only after the statute of limitations has run"); *Union Trust Co. v. Anderson (In re Anderson),* 179 B.R. 401, 406 (Bankr.D.Conn.1995) ("This Court finds that the Defendants' inaction within the 120–day window of Rule 4(j) was a conscious attempt to delay this proceeding and to obtain the technical windfall of a Rule 4(j) dismissal with its attendant prejudicial effect.").

A court may also determine whether a finding of good cause may unduly prejudice the defendant. The Seventh Circuit has contemplated the role of prejudice to the defendant in good cause determinations. *Floyd,* 900 F.2d at 1048–49; *Tso,* 969 F.2d at 377. In *Floyd,* the court questioned in dicta the efficacy of examining prejudice to the defendant in a good cause analysis. 900 F.2d at 1048–49. The court stated, however, that a showing of prejudice to the defendant may overcome a weak, albeit legitimate, showing of good cause. *Id.* at 1049. The Seventh Circuit has also stated that although considerations of prejudice or lack thereof are not irrelevant, they cannot alone prove good cause. *Tso,* 969 F.2d at 377.

In this case, the Debtor did not request dismissal in her original motion to quash and vacate. In fact, the Debtor did not discuss the dismissal now requested until her reply memorandum submitted to the Court in this matter. Miller & Custom, therefore, have not had an opportunity to show good cause for the defective service of process and the delay attendant thereto. The pleadings and affidavits submitted to the Court include contradictory assertions of the Debtor and the private process server regarding the personal service of the complaint and the stale summons which was allegedly served on January 18, 1994, over two years ago. Without more information, the Court at this time cannot determine the veracity of the affidavits or whether there is additional evidence that does, in fact, support a finding of good cause for the delays and defective service.

It is, however, possible that Miller & Custom could show good cause in this case. Miller & Custom did not become aware of the Debtor's claim of defective process until months after the 120 day time period had run. In fact, neither party was aware of all the problems with the defective process until the Court discovered some of the deficiencies. The fact that the Debtor was not diligent in pursuing her objections, weighs against dismissal at this stage. In addition, the Debtor will not be unduly prejudiced to defend the action if, as she claims, she has a meritorious defense. The Court, therefore, will not dismiss the adversary proceeding until and unless such a motion is presented to the Court, and after Miller & Custom has an opportunity to show good cause for the delays and defects in the attempted service of process.

## V. Status of the case

When a court vacates a judgment, the legal status of the case is the same as if the order had never been entered. *Geiger,* 850 F.2d at 332 (citations omitted).

Furthermore, until service is completed, an action remains pending in an inchoate state. *See Terzian,* 75 B.R. at 925.

Under the Federal Rules, if service of process has not been made within 120 days, the plaintiff may move to enlarge the time within which to serve the defendant. Fed.R.Civ.P. 6(b). Although Fed.R.Civ.P. 6 has not been incorporated into the Bankruptcy Rules, Fed.R.Bankr.P. 9006 controls the enlargement of specified time periods within which process may be made. Pursuant to Bankruptcy Rule 9006(b)(1), the plaintiff may move to enlarge time periods otherwise specified in the Bankruptcy Rules. Such an enlargement will be granted by the court if the plaintiff can show excusable neglect. Fed. R.Bankr.P. 9006(b)(1); *see generally Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

In this case the complaint has been filed, and service has been attempted but not properly effected within the 120 day period prescribed by Fed.R.Civ.P. 4(j). The action as against the Debtor remains pending in an inchoate state. Miller & Custom may move, pursuant to Fed.R.Bankr.P. 9006, to enlarge the specified period within which process may be made. The Debtor, on the other hand, may waive the formalities of service within 10 days after the entry of this order, move for dismissal, or both.

### CONCLUSION

For the foregoing reasons, the Court grants the Debtor's motion under Fed. R.Civ.P. 60(b)(4). Service of process on the Debtor is quashed and the default judgment previously entered against the Debtor on May 12, 1994 is hereby vacated.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.