105 F.3d 661
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James H. VRANICH, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-1625.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 6, 1996.*
Decided Dec. 6, 1996.
Rehearing Denied Jan. 16, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 In 1986, James H. Vranich applied for Disability Insurance Benefits under the Social Security Act, 42 U.S.C. §§ 416(i) and 423. The Social Security Administration (SSA) determined that Vranich was disabled and entitled to disability benefits. In October 1990, the SSA notified Vranich that he was no longer entitled to these benefits. Upon Vranich's request for reconsideration, the SSA came to the same conclusion in April 1991. Vranich requested and received a hearing before an Administrative Law Judge (ALJ). The ALJ issued his decision in October 1991, concluding that Vranich's period of disability and entitlement to disability benefits had ended on July 31, 1990. The Appeals Council denied Vranich's request for review and upheld the decision of the ALJ.
 
 
 2
 Vranich then filed a complaint in the district court, seeking review of the decisions of the ALJ and Appeals Council. 42 U.S.C. § 405(g). The magistrate judge, proceeding by written consent of the parties under 28 U.S.C. § 636(c), determined that the decision of the Commissioner was supported by substantial evidence, and entered judgment for the defendant. Some months later, the magistrate judge denied Vranich's motion for reconsideration filed pursuant to Fed.R.Civ.P. 60(b).
 
 
 3
 Vranich then filed a notice of appeal. On February 22, 1996, this court dismissed the appeal from the underlying merits judgment as untimely, and ordered briefing of the appeal from the denial of the Rule 60(b) motion. We have received the briefs, and the appeal is ready for decision.
 
 
 4
 As the appellee observes, Vranich states in his opening brief that he is "satisfied with the [district court's] confirming the ALJ's termination date of July 31st, 1990, which he is now not contesting or appealing."[1] Instead, according to Vranich, the issues in this appeal regard other determinations by the Social Security Administration, such as its denial of retirement benefits and its "false claim of a $28,993.50 overpayment in disability benefits." Yet Vranich's complaint did not mention these additional issues, and Vranich never attempted to amend or supplement the complaint, see Fed.R.Civ.P. 15(a), (d). Vranich appears to contend that the SSA erred in other determinations in light of the decision that he was entitled to disability benefits until July 31, 1990. But whether the SSA correctly determined his entitlements in other proceedings is irrelevant to the sole issue before the district court at summary judgment: whether the decision that the disability period ended on July 31, 1996 was supported by substantial evidence. If Vranich believed that the SSA erred in other proceedings, he should have requested administrative review in those proceedings, and judicial review if the agency came to a final decision against him. The district court did not abuse its discretion in refusing to treat the Rule 60(b) motion for reconsideration as an implied Rule 15 motion to amend or supplement the complaint. See Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 784-85 & nn. 12-13 (a plaintiff generally must succeed in setting aside the judgment before seeking leave to amend the complaint).
 
 
 5
 Vranich also appears to contend that the district court erred by denying the motion for reconsideration without allowing him to appear before the court to argue the motion. However, no hearing in court is required for a Rule 60(b) motion for reconsideration, either by the text of the rule or by due process. Because "there is no right to hearing before grant of summary judgment, a fortiori there is no right to a hearing on the motion to vacate the judgment." In re Narowetz Mechanical Contractors, Inc., 898 F.2d 1306, 1309 (7th Cir.1990) (citing Grigoleit Co. v. Local No. 270, 769 F.2d 434, 437-38 (7th Cir.1985)).
 
 
 6
 The denial of the motion for reconsideration is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 In his reply brief, Vranich contends that he "does dispute the Commissioner's termination of DIB as of July 31st, 1990" and that he is "not satisfied with [the district court] confirming the ALJ's incorrect disability insurance termination date of July 31st, 1990, which he has and is contesting and appealing [sic]." However, it is simply unfair to the appellee for an appellant to concede an issue in his opening brief, and then withdraw his concession after the appellee has submitted her brief in response. An appellant must raise his contentions in the opening brief, and cannot save them until the reply brief. See Fed.R.App.P. 28(a)(6); Circuit Rule 28(f); Bobo v. Kolb, 969 F.2d 391, 400 (7th Cir.1992)