

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-1-2007

# Abo State v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1247

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Abo State v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1694.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1694

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1247

OSAMA AHMED ABO STATE,
                                        Petitioner
              v.

*ALBERTO R. GONZALES,
Attorney General of the United States;
JAMES ZIGLAR, as Commissioner of
U.S. Citizenship and Immigration Services;
EDUARDO AGUIRRE, JR., as Director of the
U.S. Citizenship and Immigration Services,
                                        Respondents

*Pursuant to F.R.A.P 43(c)

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A79-709-782)
Immigration Judge: Henry S. Dogin

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2007

Before: SLOVITER and RENDELL, <u>Circuit</u> <u>Judges</u>,
and RUFE*, <u>District</u> <u>Judge</u>.

(Filed February 1, 2007)

_____

    *  Honorable Cynthia M. Rufe, Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Petitioner Osama Ahmed Abo State petitions for review of the December 27, 2004 Order of the Board of Immigration Appeals denying Abo State's appeal from an order of removal. Because Abo State has not appealed from a final order of the Board, we will deny Abo State's petition for lack of appellate jurisdiction.

## I.

We need set forth only those facts relevant to the jurisdictional issue in this case. On December 2, 2003 an Immigration Judge ("IJ") ordered Abo State removed to his native Egypt after finding that he had overstayed his visa. On December 22, 2003 Abo State timely appealed this decision to the Board of Immigration Appeals ("BIA"). On December 27, 2004 the BIA dismissed Abo State's appeal, adopting and affirming the IJ's ruling. In its opinion, the BIA noted that, though Abo State's brief included arguments regarding Abo State's minor son, there was "no existing appeal for [him] because there was no Notice of Appeal filed on his behalf." Abo State accurately realized that this finding was erroneous and, on January 10, 2005 timely filed a motion to reconsider or reopen. Abo State's motion included proof of his son's appeal as well as other arguments substantively challenging the BIA's December 27, 2004 opinion. The BIA did not immediately act on this motion and, on January 25, 2005 Abo State timely

filed a petition for review of the BIA's December 27 decision with this Court.[1]  On

February 10, 2005 the BIA contemporaneously granted Abo State's motion for

reconsideration, *vacated* its December 27, 2004 order and reinstated Abo State's appeal.

In the same memorandum and order, the BIA discussed Abo State's arguments but

ultimately dismissed them, issuing a new order upholding the IJ's initial ruling.

Abo State did not file a petition for review following this ruling.

## II.

The Government argues that we do not have jurisdiction over Abo State's appeal

because Abo State has not appealed from a "final order of removal," as required by  8

U.S.C. §§ 1252(a)(1) and (b)(1).  As the Government's argument goes, Abo State's

appeal from the BIA's December 27, 2004 decision was valid only until February 10,

2005 when the December 27 order was vacated and replaced by a new ruling.  According

to the Government, Abo State should have appealed from the new February 10 order and,

because he failed to do so, Abo State simply did not file a petition for review of the BIA's

"final" order.  We believe this argument is correct.

For this court to have jurisdiction over an appeal from a ruling of the BIA, an

alien's "petition for review must be filed not later than 30 days after the date of the final

---

[1]In filing his petition for review with this Court prior to the resolution of the motion to reconsider before the BIA, Abo State was most likely motivated by the fact that, unlike motions to reconsider filed under the Federal Rules of Civil Procedure in federal court proceedings, motions to reconsider filed in the course of BIA proceedings do not toll the time period one has to appeal BIA rulings.  *See Stone v. I.N.S.*, 514 U.S. 386 (1995).

3

order of removal." 8 U.S.C. § 1252(b)(1). It is clear that "compliance with the time limit for filing a petition to review the BIA's final order is a strict jurisdictional prerequisite." *Malvoisin v. I.N.S.*, 268 F.3d 74, 75 (2d Cir. 2001).[2]

The question, therefore, is whether both of the essential elements of § 1252(b)(1) – a final order and a filing within 30 days – were satisfied in this case. It is clear that the former was not. In vacating the December 27, 2004 order, the BIA stripped that order of its finality. It is axiomatic that "where a court, in the discharge of its judicial functions, vacates an order previously entered, the legal status is the same as if the order had never existed." *Mitchell v. Joseph*, 117 F.2d 253, 255 (7th Cir. 1941). *See also In re Cappuccilli*, 193 B.R. 483, 490 (Bankr. N.D. Ill. 1996) (holding that when "a court vacates a judgment, the legal status of the case is the same as if the order had never been entered"); *United States v. Jerry*, 487 F.2d 600, 607 (3d Cir. 1973) (holding, in the criminal context, that when "a new trial is granted by a trial court after a verdict of guilty by a jury, the case stands as if there had been no trial"); *Wynne v. Rochelle*, 385 F.2d 789, 796 (5th Cir. 1967) (holding that when "an order is set aside as improvidently granted, the prior status of the case is restored and the situation is the same as though the order or judgment is the same as though the order or judgment had never been entered"); *P.V. Int'l Corp. v. Turner, Mason and Solomon*, 700 S.W.2d 21, 22 (Tex. App. 1985) (holding that the "effect of setting aside a judgment is to place the parties in the position they occupied

---

[2]Although courts in this Circuit have cited to *Malvoisin* in adopting this position, they have done so only in non-precedential opinions.

before rendition of judgment"). We see no reason why this principle should not apply to the immigration context and, given its applicability, it is clear that, once vacated, the December 27 order "never existed" and therefore could not have given rise to a petition for review. Though no one disputes that Abo State could have filed a petition to review the February 10, 2005 order, he simply failed to do so.

Abo State fails to rebut this argument in any meaningful way. Instead, he inserts a footnote in his brief explaining that the "petition for review of the final agency order dated February 10, 2005, was timely filed with this court on January 25, 2005" and that the "petition for review was filed *before* the final order of the Board of Immigration Appeals granting the motion to reconsider." (emphasis added). For Abo State, this "explains the unusual chronology of the petition being filed before the final order subject to that review." However, Abo State cites no authority for the proposition that one can file a petition for review prior to receiving a decision. Looking again to analogous aspects of federal procedure, it is clear that a "notice of appeal filed after the court announces a decision or order – but before the entry of the judgment or order – is treated as filed on the date of and after the entry." Fed. R. App. P. 4(a)(2). Even if we were to import this rule into the immigration context, we would still lack jurisdiction over Abo State's appeal because he filed his petition for review *before* the BIA announced its decision. In fact, Abo State filed his petition for review before knowing whether the BIA would even issue a new decision at all. Therefore, Abo State's argument that his January 25, 2004 petition for review could apply prospectively to the February 10, 2005 decision

5

is without merit.

In sum, Abo State petitioned for review of an order of the BIA that *was not* final and neglected to petition for review of the BIA order that *was* final.[3]

## III.

For these reasons, we will DENY Abo State's petition for review.

_____

---

[3]We express no opinion on the substantive arguments advanced in Abo State's petition for review.