**In re Yolanda Vertell WEEMS, Debtor.**

**No. 04–64690 JPK.**

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

Feb. 7, 2007.

Ricardo B. Casas, Esq., Hammond, IN, for the Debtor.

Julia M. Hoham, Esq., Merrillville, IN, for the Chapter 13 Trustee.

*ORDER REGARDING FURTHER PROCEEDINGS ON TRUSTEE'S MOTION TO DISMISS*

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

This Chapter 13 case came before the Court for hearing on January 22, 2007 with respect to the Trustee's motion to dismiss the debtor's Chapter 13 case filed on December 12, 2006. The debtor appears by counsel Ricardo Casas; the Chapter 13 Trustee appears by Attorney Julia M. Hoham.

The manner in which a change in the debtor's address was provided to the Court creates a potential issue with respect to the Court's personal jurisdiction over the debtor in this contested matter, or at the very least, an issue concerning notice to the debtor of the motion and proceedings with respect to the motion.

As provided by Fed.R.Bankr.P. 1002, a Chapter 13 case is commenced by a petition filed with the Clerk of the Court. The petition is to be in the form provided by Official Form 1, a block in which provides for the "Street address of Debtor". In this case, the debtor's petition properly provided the address for the debtor as required in Official Form 1.

A motion to dismiss a Chapter 13 case is a contested matter under the provisions of Fed.R.Bankr.P. 9014. As provided by sub-paragraph (b), the motion to dismiss is to be served in the manner provided for service of a summons and complaint by Rule 7004. Fed.R.Bankr.P. 7004(b)(9) provides that service upon a debtor is to be effected as follows:

(9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the summons and complaint *to the debtor at the address shown in the petition or to such other address as the debtor may designate in*

*a filed writing.* (emphasis supplied) [1]

Thus, potentially, in order for the Court to obtain personal jurisdiction over the debtor with respect to a contested matter arising from a trustee's motion to dismiss the debtor's case, the motion must be served upon the debtor "at the address shown in the petition or to such other address *as the debtor may designate in a filed writing* ". While it is true that Fed.R.Bankr.P. 4002(5) provides that a duty of the debtor is to "file a statement of any change of the debtor's address", there is nothing in any law applicable to a federal bankruptcy case, including the Federal Rules of Bankruptcy Procedure, which allows a debtor's address to be changed by a party other than the debtor. The Court is aware that most debtors do not notify the Court of a change of address; that a change of the debtor's address may come to the attention of a Chapter 7 Trustee or a Chapter 13 Trustee; and that in total good faith, a Chapter 7 Trustee or a Chapter 13 Trustee may seek to notify the Court of the proper address to be used for the debtor to seek to guarantee that the debtor receives notice of matters in relation to the bankruptcy case. The goal of the Trustees in this context is laudable; however, the practice which has evolved by which bankruptcy trustees notify the Court of a change of the debtor's address causes issues concerning personal jurisdiction, and issues concerning the efficacy of notice to the debtor, in contested matters or adversary proceedings in which service or notice is effected by means of the address provided by the Trustee.

■ There are reported decisions—which the Court will not cite because the Court is in such disagreement with them that it doesn't deem citing them to be of

any utility—which hold that despite a party-in-interest's knowledge that the address stated in the debtor's petition is no longer effective for the debtor, service of process upon the debtor at that address is effective to provide personal jurisdiction over the debtor in relation to the matter with respect to which such service was effected, and notice to the debtor with respect to matters to which such service relates. The United States Supreme Court, in a series of cases including the guidepost case of *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and progressing through the latest decision of the United States Supreme Court in *Jones v. Flowers,* 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006), has made it abundantly clear that the utilization of an address for notice to a party whose interests are to be affected by the proceeding to which the notice is directed must be reasonably calculated to provide that party with actual notice of the proceeding. Thus, in a circumstance in which a trustee or other party-in-interest knows that the address stated by the debtor in the petition or otherwise designated by the debtor in a writing filed with the Court is no longer reasonably calculated to provide the debtor with notice of matters in relation to the debtor's interests in a case, it is incumbent upon the party who is required to provide the Court with personal jurisdiction over the debtor to bring to the Court's attention the fact that the address in the Court's record will not provide the debtor with effective notice.

■ Fed.R.Bankr.P. 9007 provides the Court with authority to regulate the manner in which notice is to be given, stating as follows:

---

1. Rule 7004(b)(9) was amended to the foregoing by 2006 Amendments. The Rule as previously in effect was identical to the highlighted provision with the addition that the debtor could designate an address in the statement of financial affairs.

When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, *and the form and manner in which the notice shall be given.* When feasible, the court may order any notices under these rules to be combined. (emphasis supplied)

11 U.S.C. § 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title". The combination of Fed.R.Bankr.P. 9007 and 11 U.S.C. § 105(a) authorizes the Court under the circumstances to which this order relates to direct a mechanism for obtaining effective service of process upon a debtor whose self-designated address is known by a trustee or a party-in-interest to *not be* that designated in the Court's record.

■ A judgment or order obtained without effective service of process which allows the Court to exercise personal jurisdiction over a debtor is void from its inception, even if the defendant had knowledge of the action despite lack of proper service; *Mid–Continent Wood Products, Inc. v. Harris,* 936 F.2d 297 (7th Cir.1991); *In re Cappuccilli,* 193 B.R. 483 (Bankr.N.D.Ill. 1996). It is therefore incumbent upon the Court to determine a mechanism by which notice in accordance with the United States Supreme Court's requirements concerning due process can be provided to a debtor in a circumstance in which the address designated by the debtor in the Court's record is no longer the address of the debtor reasonably calculated to provide the debtor with notice.

■ The procedure to be utilized in the foregoing circumstance is the following:

When it comes to the attention of the party-in-interest, including the trustee, as the movant with respect to a contested matter under Fed.R.Bankr.P. 9014, or as a plaintiff filing an adversary proceeding under Fed.R.Bankr.P. 7001, that the address designated by the debtor in the record of the Court is no longer an effective address for the debtor, the moving party or adversary plaintiff is to file a motion with the Court as follows:

1. The motion shall first designate the address last designated by the debtor as the debtor's address in the Court's record.

2. The motion shall next state the circumstances under which the party became aware that the debtor's designated address was no longer an effective address for the debtor, e.g., that mailings to that address were returned as undeliverable, etc.

3. The motion shall then state the last address known by the movant/plaintiff to be the debtor's residence or mailing address, and manner in which the movant/plaintiff became aware of that address.

4. The motion shall then request that based upon the statements made therein, the Court re-designate the address for the debtor to be that stated in the motion. Pursuant to N.D.Ind.L.B.R. B–9013–1(c), the motion shall be accompanied by a proposed form of order which changes the designation of the debtor's address on the Court's record.

5. Pursuant to N.D.Ind.L.B.R. B–2002–2(a), the Court adopts the provisions of that rule as the mechanism for providing notice of the motion to the debtor. Form LBF3B shall be utilized for this purpose—which requires attaching a copy of the motion to the notice itself; the motion shall be subject to a 15–day notice requirement. The motion and notice shall be served upon the debtor both at the last-designated address on the Court's record as designated by the debtor and at the address proposed by the moving party to be utilized for future provision of notice; upon the debtor's attorney, if any, as stat-

ed in the Court's record; upon the Trustee in the case, if any; and upon the United States Trustee.

If the debtor does not respond to the motion after the expiration of the designated objection period, the Court will enter an order which re-designates the debtor's address in the Court's record. This mechanism for changing the designation of the debtor's address is intended to bridge the gap between Fed.R.Bankr.P. 7004(b)(9) and the fact that the debtor's designated address may be known to a party-in-interest to not be reasonably calculated to provide the debtor with notice as required by decisions of the United States Supreme Court.[2]

In the instant case, Attorney Casas has waived the requirements of proper notice to the debtor by agreeing to enter into an agreed order with the Chapter 13 Trustee, much as waiver of proper service of process is effected pursuant to Fed.R.Bankr.P. 7012(b)/Fed.R.Civ.P. 12(h)(1).

In the matter before the Court on January 22, 2007, the parties agreed to file an agreed order with respect to the Trustee's motion to dismiss within 30 days.

IT IS ORDERED that the parties shall file an agreed order resolving the Trustee's motion to dismiss within 30 days of the date of entry of this order.

---

**2.** The foregoing discussion relates to the circumstance in which it is *both* known that the debtor's presently designated address is ineffective *and* a presently effective address is known—the circumstance in *Mullane, supra.* In a circumstance in which it is known that the debtor's designated address is ineffective, *but no effective address is known*, it is still the case that a person's "failure to comply with a statutory obligation to keep up [his/her] address [does not forfeit] his right to constitutionally sufficient notice", *Jones v. Flowers,* 547 U.S. 220, ——, 126 S.Ct. 1708, 1717, 164 L.Ed.2d 415. However, the sender's obligation to attempt to find a replacement address is not without limit—*See, Jones, supra,* 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 [headnote 10]. In this latter circumstance, it is incumbent upon the party seeking service to bring to the Court's attention the fact that the designated address is insufficient by means of a motion which seeks the Court's direction as to the manner in which service/notice is to be sought to be effected.